Argued and submitted September 29, restitution provision of judgment vacated; otherwise affirmed November 8, 1989

STATE OF OREGON,
*Respondent,*

*v.*

WALTER JACKSON GRIMMETT,
*Appellant.*

(88C-20823, 88C-21400 and 88C-21796;
CA A60109 (Control), A60110 and A60111)
(Cases Consolidated)

782 P2d 176

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from judgments of conviction, following his pleas of guilty, for first degree forgery, first degree theft, and second degree burglary. ORS 165.013; ORS 164.055; ORS 164.215. His only assignment of error is that the trial court erred in ordering restitution without first finding that defendant has the ability to pay it. ORS 138.050.

The court found that defendant did not and would not have the ability to pay restitution unless he won the lottery, received an inheritance, or benefited from some other extraordinary stroke of fortune. Those prospects are remote, and they have nothing to do with defendant's own, as distinct from someone else's, anticipated ability to pay. Therefore, the court's finding was essentially the same as a finding that defendant had, and would in the future have, no ability to pay restitution. That being so, the restitution order exceeded the court's statutory authority under ORS 137.106(2).[1]

Restitution provision of judgment vacated; otherwise affirmed.

---

[1] ORS 137.106(2) provides:

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."