Argued and submitted February 28, restitution order vacated; otherwise affirmed July 22, 1992

STATE OF OREGON,
*Respondent,*

*v.*

VICTOR JOHN KOCHAJDA,
*Appellant.*

(88-CR-409; CA A65429)

835 P2d 142

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Carol J. Fredrick, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant pled guilty and was convicted of manufacture of a controlled substance. ORS 166.270. He appeals from an amended judgment, which suspended imposition of sentence and placed him on probation, one of the conditions of which required that he pay $3,273.60 for a real estate commission as restitution. We review to determine whether the disposition exceeds the maximum allowable by law, ORS 138.050; *see also State v. Anderson*, 113 Or App 416, 833 P2d 321 (1992), and vacate the order of restitution.

On March 10, 1988, defendant entered into a contract to purchase a house from Kniep. The contract incorporated a "pre-recordation agreement" and provided that defendant make monthly payments of $2000 to an escrow account, $500 of which was allocated to pay for insurance, taxes and interest on an existing first trust deed. The balance of $1,500 per month was to be held in the escrow account until there were sufficient funds to make a $10,000 principal payment on the first trust deed, plus all closing costs. The escrow agent was directed to proceed with the close of escrow at that time. Paragraph 4 of the agreement provides:

> "That in the event it becomes necessary for purchaser to vacate said premises due to any reason, purchaser understands and agrees to leave said premises in perfect condition as agreed on at the time of possession. In the event damage has been caused to the premises as a direct result of the purchaser's possession, the purchaser agrees to repair the same, or to reimburse the seller for costs and expenses incurred in the repair of same."

After defendant was arrested, Kniep learned of the damage that defendant's activities had caused to the house and terminated the contract. He repaired the damage for approximately $5,500 and then resold the house, incurring a real estate commission of $3,273.60. At the time of defendant's arrest, there was $5,300 in the escrow account, which Kniep withdrew, as permitted by the contract. Defendant concedes that he is obligated to pay for the damage to the house; Kniep recovered that amount from the escrow, and it is not included in the restitution order. He stipulated to pay attorney fees incurred by Kniep relating to evicting him and terminating the contract and does not dispute that part of the

restitution order. However, he contends that there was no basis for the imposition of the $3,273.60 real estate commission as restitution.

In order to impose restitution, the state must show, and the court must find, criminal activity, pecuniary damages and a causal relationship between the two. ORS 137.103(3) defines restitution as "payment of pecuniary damages." ORS 137.103(2) defines pecuniary damages:

> "[A]ll special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

The state correctly identifies the issue as whether the commission expense would be a special damage that could be recovered in a civil action. *State v. Rosas*, 108 Or App 28, 813 P2d 77 (1991); *State v. Dillon*, 292 Or 172, 637 P2d 602 (1981). It contends that Kniep could recover for breach of contract for defendant's altering and damaging the house to further his criminal conduct. That contention misses the point; defendant concedes that the contract provides for that. The question is whether Kniep could recover the commission. Under the contract, there are at least two events that could result in the eviction of defendant: his failure to make the required payments or his inability or refusal to obtain a second mortgage to permit his completion of the purchase. Obviously, if defendant had been evicted for any of those reasons, Kniep might incur a commission on resale. The contract does not allow him to recover the commission under any circumstances.

Because the state has failed to present any other theory under which Kniep could have recovered the amount of the commission from defendant in a civil action, restitution in that amount was not authorized. The judgment ordering restitution for the commission exceeded the maximum allowable by law.

Restitution order for real estate commission of $3,273.60 vacated; otherwise affirmed.