Argued and submitted January 6, affirmed October 28, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ALBERT CHESTER CARR, JR.,
*Appellant.*

(C90-08-34748; CA A67725)

840 P2d 724

Martin W. Reeves, Portland, argued the cause for appellant. With him on the brief was Reeves, Kahn & Eder, Portland.

Cynthia A. Forbes, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Defendant seeks reversal of his conviction, in a jury trial, of Assault I, ORS 163.185, and of the court's ordering him, as part of his sentence, to pay restitution "as a condition of post-prison supervision." We affirm the conviction and consider only the sentence to determine whether it exceeds the maximum allowable by law. ORS 138.040.

■      Defendant argues that there was insufficient evidence to establish that he had the ability to pay. The trial court did consider his ability to pay restitution, which was all that was required under ORS 137.106.

■      Defendant also argues that the court was not authorized to impose restitution as a condition of post-prison supervision. He is correct. *See* OAR 253-11-001; *See also State v. Dummitt*, 115 Or App 487, 839 P2d 246 (1992). Although defendant failed to object to restitution below, the error is one of law, is not reasonably in dispute and is apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Although a trial court has no authority to impose conditions of post-prison supervision, it does have authority to impose restitution. ORS 137.106; OAR 253-09-003. Accordingly, we interpret the judgment as sentencing defendant to pay restitution but suspending payment until he is no longer incarcerated.

Affirmed.