Argued and submitted May 28, affirmed October 6, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# GOVERNOR E. LEWIS,
*Appellant.*

## (C92-01-30546; CA A74776)

860 P2d 306

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitior General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant appeals from the trial court's disposition after he *pleaded guilty* to one count of unauthorized use of a motor vehicle. ORS 164.135. Defendant and the state waived preparation of a presentence investigation report. The court sentenced defendant to 60 days' incarceration with 12 months' post-prison supervision. Based on evidence from the victim concerning the extent of her damages, the court ordered defendant to pay $9,000 in restitution to the victim, representing damage to the car and the victim's personal property and incidental expenses. The court rejected defendant's objections to the amount of restitution and accepted the victim's claim of loss. Additionally, the court made express findings concerning defendant's ability to pay the full amount of the restitution.

The only claim of error is that the court abused its discretion in determining that defendant had the ability to pay the full amount of the restitution. ORS 137.106(2). Defendant pleaded guilty and does not assert any claim of error with respect to the sentence of incarceration. We review to determine whether restitution was imposed consistently with the statutory requirements. *State v. Cox*, 113 Or App 528, 530 n 1, 833 P2d 336 (1992); *State v. Anderson*, 113 Or App 416, 418, 833 P2d 321 (1992).

ORS 137.106(1) provides, in part:

"(1) When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court[.]"

ORS 137.106(1) establishes the maximum amount of restitution that may be ordered. Apart from the requirement that the amount be limited to the victim's pecuniary damages caused by the defendant's criminal activities, ORS 137.106(1) does not set any dollar limit on the restitution.

■■ In *Anderson*, we held that a disposition that is not imposed consistently with the statutory requirements is legally defective and therefore exceeds the maximum allowable by law. We held that, because the state had failed to present evidence to establish the appropriate amount of restitution, as required by ORS 137.106(1), the restitution order exceeded the maximum allowable by law. We have subsequently held that, when the claim of error is that the state has failed to prove either the amount of restitution or that the defendant caused the victim's damages, that is a claim that the restitution exceeds the maximum allowable by law. *State v. Kochajda*, 114 Or App 283, 835 P2d 142 (1992); *State v. Gray*, 113 Or App 552, 554, 833 P2d 341 (1992); *State v. Jones*, 113 Or App 425, 427, 833 P2d 320 (1992). Arguably, if a sentencing court fails to give any consideration to the defendant's ability to pay restitution as required by ORS 137.106(2), the disposition would be legally defective and in excess of the maximum allowable by law.

This case is quite different. Defendant does not dispute that the victim suffered damages of $9,000 as a result of his criminal activities. He does not contend that the sentencing court failed to hold a restitution hearing or to consider his ability to pay. He contends only that the court abused its discretion in determining that he had the ability to pay $9,000.

■ The considerations set out in subsection (2) of the statute, including the requirement that the court "take into account" the defendant's ability to pay, merely guide the sentencing court's discretion in determining what portion of the maximum amount of restitution should be ordered. Subsection (2) does not define a maximum restitution apart from the requirements of subsection (1). We conclude that, when a defendant has pleaded guilty, so long as the court "takes into

account'' each of the criteria set out in subsection (2) and bases its decision on those considerations, there is no reversible error.

Affirmed.