Argued and submitted May 28, remanded for reconsideration in part; otherwise affirmed November 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY ALAN JONES,
*Appellant.*

(10-92-01157; CA A74580)

863 P2d 480

Sally L. Avera, Public Defender, and Diane L. Alessi, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

De Muniz, J., dissenting.

## ROSSMAN, P. J.

Defendant pleaded guilty to three counts of burglary in the first degree, one count of burglary in the second degree, and one count of unauthorized use of a motor vehicle. He assigns error to the trial court's order that he pay $27,290 in restitution, contending that the court abused its discretion in determining that he had the ability to pay that amount. He does not assign error to the prison sentence imposed.

ORS 137.106 provides, in part:

"(1)   When a person is convicted of criminal activities which have resulted in pecuniary damages, * * * [i]n addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2)   In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a)   The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b)   The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c)   The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

Defense counsel made the following remarks regarding defendant's ability to pay the amount imposed:

"With regard to restitution, the only question is his ability to pay. And given the fact that it's contemplated he is going to be in prison for two years, and also given the fact that he has been searching for lawful employment for the past two years without success, it's our position that [defendant] does not have an ability to pay the restitution if it were made a part of probation or parole."

Defense counsel later noted that much of the victims' losses were covered by insurance. The court responded:

"Well, I guess the matter is philosophically I can't sit here and listen to people say, 'Gee, I cannot pay.' And then I look out and see people sitting here who are innocent victims. [One victim] lost $4,000 in this crime that your client committed. And somehow because your poor client has decided to

commit tons of crimes, [that victim] is supposed to foot the bill for his damage? I don't buy that. It doesn't make any sense that the insurance company should pay. The guy that should pay is him. And if it takes him 20 years to pay it, so be it, he should pay it.

"I just don't buy this argument that I hear constantly, 'Gee, my client just can't pay.' Well, tough luck. Don't commit crimes. I mean, I'm going to make a money judgment against him. It's going to follow him around for the rest of his life. It's going to be renewed every ten years if the victim wants to do that. He's the guy that did the damage. He should pay for it. Insurance companies shouldn't pay and she shouldn't pay, and you and I shouldn't pay, [defense counsel].

"[Defense counsel]: I understand that, Your Honor. * * * I'm aware of certain case law from the Court of Appeals that talks about ability to pay restitution, and that's the only issue we're bringing up.

"COURT: Well, he's going to pay to the best of his ability, and the rest will be a judgment.

"[Defense counsel]: For the record, we object based on his inability to pay.

"COURT: Well, the objection is noted. It's still going to be a money judgment."

Defendant's only argument on appeal is that the court abused its discretion in finding that he had the financial ability to pay the restitution. The state concedes that the trial court did not conduct any inquiry on the record into defendant's ability to pay and did not make any findings regarding defendant's ability to pay. The state contends, nonetheless, that the court "considered" and rejected defendant's claim of an inability to pay. The judgment provides that defendant is ordered to pay the full amount of the restitution "to the best of his ability."

In *State v. Lewis*, 123 Or App 476, 860 P2d 306 (1993), we held that, when we review a restitution order on a guilty plea for whether the disposition exceeds the maximum allowable by law, we may not review whether the trial court abused its discretion in determining that the defendant had the ability to pay the restitution amount. However, relying on *State v. Anderson*, 113 Or App 426, 833 P2d 321 (1992), we also said that, if the trial court fails to give any consideration

to the defendant's ability to pay, the disposition may be regarded as one that does not comply with the statutory provisions and, hence, exceeds the maximum allowable by law. It is apparent from the trial court's comments in this case that the court has a philosophical disagreement with the legislature's decision that the defendant's ability to pay is to be "taken into account" in determining the amount of restitution, and that because of that, the court chose not to consider defendant's ability to pay in determining the amount of restitution.

Contrary to the dissent's view, the trial court's fleeting reference to the ability to pay is not consideration of that matter. A court "considers" a matter by devoting some element of thoughtful deliberation to it. Here, the court's only purpose in mentioning the ability to pay was to express its disdain for and rejection of defendant's suggestion that defendant's ability to pay be considered. That is not enough.

Because we conclude that the failure to take defendant's ability to pay into account is inconsistent with the requirements of the statute, we hold that the disposition exceeds the maximum allowable by law. On remand, the court should reconsider the restitution imposed, after taking into account defendant's ability to pay.

Remanded for reconsideration of restitution; otherwise affirmed.

**De MUNIZ, J.,** dissenting.

In *State v. Lewis*, 123 Or App 476, 479-80, 860 P2d 306 (1993), we stated:

> "The considerations set out in subsection (2) of the statute, including the requirement that the court 'take into account' the defendant's ability to pay, merely guide the sentencing court's discretion in determining what portion of the maximum amount of restitution should be ordered. Subsection (2) does not define a maximum restitution apart from the requirements of subsection (1). We conclude that, when a defendant has pleaded guilty, so long as the court 'takes into account' each of the criteria set out in subsection (2) and bases its decision on those considerations, there is no reversible error."

For some reason, the majority now concludes that the court's comments that defendant should not escape restitution simply because he "decided to commit tons of crimes" reflects the court's "philosophical disagreement with the legislature's decision that defendant's ability to pay is to be 'taken into account' " and reveals that the court did not "consider defendant's ability to pay in determining the amount of restitution." 124 Or App at 493. I read the record differently.

In my view, the court simply revealed that it did not feel that defendant's incarceration and limited work experience should shield defendant from paying for his crimes to the full extent of the law. The court considered defendant's limited ability to pay and, nevertheless, imposed the full measure of restitution. Nothing more was required. We should follow *Lewis* and affirm.

I dissent.