Submitted on record and briefs December 23, 1993, reversed and remanded for reconsideration in part; otherwise affirmed February 16, 1994

STATE OF OREGON,
*Respondent,*

*v.*

ARMANDO M. GARCIA,
*Appellant.*

(92C-20718; CA A77998)

868 P2d 782

Sally L. Avera, Public Defender, and Steven V. Humber, Deputy Public Defender, filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Deits and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of assault in the first degree. ORS 163.185. He assigns error only to the trial court's order that he pay a compensatory fine.

At the sentencing hearing, the trial court found that defendant had no ability to pay restitution to the victim. *See* ORS 137.106. Nonetheless, it ordered defendant to pay a compensatory fine of $11,000 and designated the victim as beneficiary.

Defendant argues that the trial court had no authority to impose the compensatory fine, because it found that he had no ability to pay that fine. ORS 161.645 provides, in part:

"In determining whether to impose a fine and its amount, the court shall consider:

"(1)   The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant; and

"(2)   The ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court."

The state argues that the trial court found that defendant lacked the *present* ability to pay the fine, and that it "appears that the court * * * based its order on prospects for defendant's future employment." We cannot tell from the record whether that is correct. On remand, the court should consider whether defendant has a future ability to pay and whether to impose a compensatory fine on that basis. *See State v. Lewis*, 123 Or App 476, 860 P2d 306 (1993).

Reversed and remanded for reconsideration of compensatory fine; otherwise affirmed.