Argued and submitted December 21, 1995, vacated in part; otherwise affirmed March 6, petition for review allowed June 18, 1996 (323 Or 483)

STATE OF OREGON,
*Respondent,*

*v.*

DEBRA LYNN EDSON,
*Appellant.*

(10-94-12098; CA A87550)

912 P2d 423

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant pled guilty to attempted assault in the second degree, ORS 163.175 and ORS 161.405, and was sentenced to 36 months probation and ordered to pay restitution. She assigns error to the trial court's judgment ordering her to pay $20,552.41 in restitution within 24 months, even though the court expressly found that she would never have the ability to pay.[1] We vacate the restitution provision of the judgment.

On appeal, defendant argues, *citing State v. Jones*, 124 Or App 489, 863 P2d 480 (1993), that the trial court imposed restitution without properly "considering" her ability to pay. In response, the state argues, citing *State v. Lewis*, 123 Or App 476, 860 P2d 306 (1993), that the trial court properly took defendant's ability to pay into account when it exercised its discretion and imposed restitution. The state further responds that, in the event that we hold that the trial court erred, the appropriate remedy is to remand to allow for reconsideration of the restitution amount.

The issue is whether restitution was imposed consistently with the statutory requirements of ORS 137.106.[2] *State v. Anderson*, 113 Or App 416, 418-19, 833 P2d 321 (1992).

---

[1] The trial court found that defendant did not and would not have the ability to pay restitution:

"[T]his is a case which cries out for restitution. It also * * * cries out that this lady will never be able to pay, really, any portion of any restitution. * * *

"[S]ome of you may be old enough to have heard that you can't get blood out of a turnip. That's what we have got [sic] here."

[2] ORS 137.106 provides, in part:

"(1) When a person is convicted of criminal activities * * * which have resulted in pecuniary damages, * * * [i]n addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

We are not persuaded by the parties' arguments under either *Jones* or *Lewis*. In *Jones*, we held that the trial court exceeded its statutory authority by imposing restitution without either inquiring into, or making express findings of fact concerning the defendant's ability to pay. In *Lewis*, the trial court made express findings concerning the defendant's ability to pay the full amount of restitution. We held that the trial court properly imposed full restitution where it based its decision on consideration of the criteria set out in ORS 137.106(2). The present case is readily distinguishable from both *Jones* and *Lewis* because, here, the trial court imposed restitution after expressly finding that defendant had no ability to pay any restitution.

■■■ Under ORS 137.106(2), the requirement that the court "take into account" the statutory factors implies that the court give some weight to those criteria in reaching its result; the court's decision must be influenced by those findings. *See Lewis*, 123 Or App at 479 (criteria in subsection (2) "guide the sentencing court's discretion in determining what portion of the maximum amount of restitution should be ordered"). Accordingly, we understand *Jones* and *Lewis* to say that a trial court's decision is consistent with the statutory requirements under subsection (2) when it (1) inquires, on the record, into the statutory criteria, and (2) gives some weight to those criteria in reaching its result. In the present case, the trial court considered defendant's financial resources and ability to pay but did not base its decision on consideration of the subsection (2) criteria; it disregarded defendant's indigence and ordered a restitution payment schedule that mandates a monthly deficit, even if defendant goes without food, shelter and other daily necessities.[3] That is tantamount to failing to consider or give weight to the statutory factors and the restitution order exceeded the court's authority under ORS 137.106(2). *State v. Grimmett*, 99 Or App 383, 384, 782 P2d 176 (1989) (restitution order exceeded court's statutory authority under ORS 137.106(2) where "the court's finding was essentially the same as a finding that defendant had, and would in the future have, no

---

[3] Defendant has been suffering from a bipolar disorder for the past 20 years. She is unable to work and her sole source of income is Social Security of approximately $600 per month. The restitution judgment requires that defendant make an average monthly payment of $856.35.

ability to pay restitution"). Because the trial court erred by imposing restitution after finding that defendant did not have the ability to pay any portion of any restitution, we vacate the restitution provision of the judgment.

■ In the past we have not remanded for reconsideration after a finding that the defendant does not, and will never have, the ability to pay any amount of restitution. *Grimmett*; *State v. Huyck*, 49 Or App 1087, 621 P2d 98 (1980) (vacating order to pay restitution where the record indicated defendant had no income and lived on welfare, had little personal property, was indebted to others in the amount of $1,500, and lacked the education and skills needed to gain employment). In this case the state argues that we should remand under ORS 138.222(5), which the legislature amended in 1993 and which applies to this case. ORS 138.222(5) provides, in part:

> "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."

We conclude, however, that a remand for resentencing is not required. Here, the trial court's judgment on the restitution issue is inconsistent with its findings of fact. We are bound by the court's finding because it is supported by the evidence. *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968). Because the trial court found that defendant had no ability to pay any restitution, it cannot sentence her to pay any restitution. *Grimmett*, 99 Or App at 384.

Restitution provision of judgment vacated; otherwise affirmed.