Argued and submitted September 29, affirmed in part; vacated and remanded in part December 17, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHEN MICHAEL LARRANCE,
*Appellant.*

(961804C3; CA A94469)

950 P2d 937

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan A. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals the trial court's imposition of restitution, claiming that the court failed to comply with the statutory requirements of ORS 137.106. We remand for resentencing on the issue of restitution.

Defendant pleaded guilty to three counts of arson in the first degree. ORS 164.325. During sentencing, defendant objected to the amount of restitution requested by the state, $80,623.91, arguing that defendant had a history of earning only minimum wage, was $13,000 in debt, and had no ability to pay. That is the extent of the record on the issue of restitution.

ORS 137.106 provides, in part:

"(2)   In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a)   The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant[.]"

The issue is whether restitution was imposed consistently with the statutory requirements of ORS 137.106. *See State v. Anderson*, 113 Or App 416, 418-19, 833 P2d 321 (1992). If not, the restitution amount will exceed the maximum allowable by law. *See* ORS 138.050(3); *State v. Jones*, 124 Or App 489, 492-93, 863 P2d 480 (1993).

■    We have held that the requirement that the court "take into account" the statutory factors "implies that the court give some weight to those criteria in reaching its result; the court's decision must be influenced by those findings." *State v. Edson*, 139 Or App 412, 415, 912 P2d 423, *rev allowed* 323 Or 483 (1996). Accordingly, a trial court's decision is consistent with the statutory requirements when it inquires, on the record, into the statutory criteria and gives some weight to those criteria in reaching its result. *Id.* "If the trial court fails to give any consideration to the defendant's ability to pay, the disposition may be regarded as one that does not comply with the statutory provisions." *Jones*, 124 Or App at 493.

■ Here, there is nothing in the record that indicates that the court considered defendant's ability to pay. The state suggests that "this court should assume that the trial judge did 'take into account' defendant's ability to pay." We decline to do so. On remand, consistent with our recent holding in *State v. Hart*, 149 Or App 552, 555, 944 P2d 980 (1997), the trial court should explain what factors it considered in determining that defendant has the ability to pay.

Conviction affirmed; order of restitution vacated and remanded.