Argued and submitted February 26, affirmed April 22, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD JACK MILLS,
*Appellant.*

## (96-03-7840-C; CA A94646)

958 P2d 896

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard Jack Mills filed a brief *pro se*.

Janet Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

WOLLHEIM, J.

---

* Riggs, J., *vice* Warren, J.

** Wollheim, J., *vice* Haselton, J.

## WOLLHEIM, J.

Defendant appeals a judgment of conviction of assault in the first degree, ORS 163.185,[1] and appeals his sentence imposed pursuant to ORS 137.700.[2] We view the facts in the light most favorable to the state, *State v. Tucker*, 315 Or 321, 325, 845 P2d 904 (1993), and affirm.

On March 24, 1996, defendant and the victim, Rodney Trammel argued over the telephone regarding a disagreement they had had two days previously. Immediately afterwards, defendant went to Trammel's house, and they again argued. As defendant was trying to push his way in the front door, Trammel pushed defendant away and attempted to close the door. Defendant kept reaching around to his back and asked Trammel, "Do you want to die?" As Trammel turned to go back inside, defendant pulled a knife from behind him and stabbed Trammel in his right side. Trammel was treated at a local medical center and recovered. On advice from his parole officer, defendant turned himself in.

At trial, defendant argued that he acted in self-defense when he stabbed Trammel. The state asked defendant if he had received any wounds in the fight, and if so, whether he had preserved any evidence of them. Defendant said that Trammel had punched him hard twice, causing facial injuries, but said that he did not have any evidence or witnesses to corroborate his assertion. The state then asked defendant if he had "been involved in the system [his] entire life" in order to show that defendant knew the importance of preserving evidence. Defendant objected to any discussion of

---

[1] ORS 163.185 provides, in part:

"(1) A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

[2] ORS 137.700, popularly known as Measure 11, provides, in part:

"(1) When a person is convicted of one of the offenses listed in subsection 2(a) of this section * * * the court shall impose, and the person shall serve, at least the entire term of imprisonment listed in subsection (2) of this section.

"* * * * *

"(2)(a)(F) Assault in the first degree, as defined in ORS 163.185.....90 months."

his lengthy criminal record. The trial court allowed only limited questioning about defendant's history with the criminal justice system:

> "I'll allow you to get into his knowledge as to the system but we're not going to get into details about other prior convictions."

Defendant admitted that he has been "familiar" with how the criminal justice system works since he was a juvenile, but stated that he is "not sure about what's evidence or not." Defendant subsequently was convicted by a jury of assault in the first degree and sentenced to a prison term of 90 months.

On appeal, defendant first argues that the trial court erred when it admitted "irrelevant and prejudicial character evidence." *See* OEC 404(1) (character evidence is not admissible generally). The state responds that the trial court did not permit questioning as to specific prior bad acts and that any potential prejudice was "qualitatively no different than that from defendant's own direct testimony." In determining whether evidence of prior bad acts should be admitted, a trial court should first determine whether the evidence is relevant for a noncharacter purpose, OEC 404(3),[3] and then conduct balancing under OEC 403[4] to determine if the probative value of the evidence is outweighed by its prejudicial effect. *State v. Johns*, 301 Or 535, 549, 725 P2d 312 (1986). In *Johns*, the Supreme Court identified the following factors that a trial court should consider in applying OEC 403: (1) the need for the evidence, (2) the certainty that the uncharged misconduct occurred and that the defendant was the actor, (3) the strength or weakness of the evidence, and (4) its inflammatory effect on the jury. *Id.* at 557-58. We review a trial court's

---

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

relevancy determination as a question of law. *Id*. at 559. We reverse a trial court's OEC 403 determination only if it failed to exercise discretion, refused to exercise discretion, or failed to make an appropriate record. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).

■       Here, the first and third factors of the *Johns* test weigh in favor of excluding the evidence the prosecutor elicited regarding defendant's history with the criminal justice system. The first factor is the need for the evidence. Defendant argued that he acted in self-defense and, therefore, was justified in using such force to defend himself. ORS 161.209.[5] Defendant admitted that he had no evidence of the injuries allegedly inflicted by the victim.[6] It was then that the prosecutor elicited testimony regarding defendant's prior involvement in the criminal justice system to demonstrate that defendant was aware of the need to preserve evidence. The state did not need that evidence. The victim testified and was able to answer questions regarding the parties' altercation. The state was able to refute defendant's justification defense with other evidence.

The third factor is the strength or weakness of the evidence. The prosecutor was attempting to establish that defendant knew the need to preserve evidence because defendant had been involved in the criminal justice system throughout his entire life. Defendant stated that he was involved with the criminal justice system since he was a juvenile. However, that evidence does not establish that defendant knew there was a need to preserve evidence. On direct examination, defendant testified that he had two felony convictions and was on probation at the time of the assault. However, there was no evidence that defendant ever went to trial or, if he did, that preservation of evidence was an issue at trial. Thus, under *Johns*, 301 Or at 557-58, the evidence of

---

[5] ORS 161.209 provides:

"Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

[6] One witness testified that after the fight with Trammel, one side of defendant's face was red.

defendant's prior involvement in the criminal justice system should have been excluded.[7]

■■ However, even if the admission of that evidence by the trial court was in error, we agree with the state that the error was harmless. Error is harmless if there is little likelihood that the error affected the verdict. *State v. Phillips*, 314 Or 460, 471, 840 P2d 666 (1992). In response to the prosecutor's questions, defendant admitted only that he has been "familiar" with how the criminal justice system works since he was a juvenile and that he has not been "involved" with it all his life, as the prosecutor had suggested. On direct examination, defendant testified that he "used to be addicted to drugs," had taken drugs "a lot" and that he was on probation at the time of the assault on Trammel, and that he had two 1987 felony convictions for robbery and for aiding and abetting robbery. In light of defendant's direct testimony, there is little likelihood that the admitted evidence affected the verdict.

In his second assignment of error, defendant argues that the 90-month sentence imposed by the trial court pursuant to ORS 137.700(2)(a)(F) violates his rights under the Oregon and United States Constitutions. We review the trial court's imposition of sentence for errors of law. ORS 138.222(4)(a). All facial challenges to ORS 137.700 *et seq.* have been rejected by the Oregon Supreme Court. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 601-08, 932 P2d 1145, *cert den* ___ US ___ , 118 S Ct 557, 139 L Ed 2d 399 (1997); *State ex rel Caleb v. Beesley*, 326 Or 83, 93, 949 P2d 724 (1997). Defendant's remaining constitutional arguments do not require discussion.

In his third assignment of error, defendant argues that the trial judge erred in imposing restitution in the amount of $20,596.86. Defendant contends that the trial judge did not adequately consider defendant's ability to pay and asserts that the victim was a coparticipant in the crime and, therefore, not entitled to restitution. Lastly, defendant argues that, although he was heard on the issue of restitution

---

[7] Under a subsequent three-part test announced in *State v. Johnson*, 313 Or 189, 195, 832 P2d 443 (1992), that evidence also should have been excluded.

at sentencing, the trial court should have granted defendant an additional hearing on the matter under ORS 137.106(3).[8] Defendant did not argue below that the victim was not entitled to restitution and did not request an additional hearing. Therefore, those arguments are not preserved, and we do not address them.

■    Defendant argues that the trial court failed to take into account his ability to pay: that after he serves his 90-month sentence, he will be over 45 years of age, will not have any marketable skills, and will be further limited in his ability to work due to back problems. Defendant made those arguments below at the sentencing hearing, and the trial court found:

> "As far as the issue of ability to pay, [defendant] is going to be in custody for a period of time. Upon release there's no reason that I'm aware of why he can't find employment and pay these obligations. I'm not going to impose any obligations while he's in custody but I am going to order that he pay the restitution in that amount and I will set payments to be paid not less that Fifty ($50) Dollars per month beginning ninety (90) days after release from custody."

The court ordered that defendant will have to make payments while he is incarcerated only if he became able to work and earn money during that period. We review the court's determination under statutory factors for whether it exceeds the maximum allowed by law. *State v. Hart*, 149 Or App 552, 555, 944 P2d 980 (1997).

ORS 137.106(2) provides:

> "In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

> "(a)   The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of defendant;

---

[8] ORS 137.106(3) provides:

"If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

"(b)   The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c)   The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

A court "takes into account" or considers a matter by devoting some element of thoughtful deliberation to it. *State v. Jones*, 124 Or App 489, 493, 863 P2d 480 (1993). The court made findings with regard to defendant's ability to pay and ordered a payment schedule under ORS 137.106(2)(b). The trial court considered and based its decision on the statutory considerations, and we find no error. *State v. Lewis*, 123 Or App 476, 479-80, 860 P2d 306 (1993); *State v. Carr*, 116 Or App 60, 61, 840 P2d 724 (1992).

Affirmed.