Argued and submitted September 23, vacated and remanded for reconsideration in part; otherwise affirmed November 4, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## BINH PHUONG NGUYEN,
*Appellant.*

(C970087; CA A97856)

969 P2d 1046

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane L. Alessi, Interim Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant was convicted of the crimes of attempted murder with a firearm, ORS 163.115, and assault in the first degree with a firearm ORS 163.185. He appeals and makes several assignments of error, only one of which warrants discussion. He contends that the trial court erred when it failed to consider and determine his ability to pay restitution before ordering him to pay $9,950 in restitution after serving sentences totaling 180 months. Under the court's order, defendant is to pay the restitution during his three-year period of post-prison supervision. We reverse and remand.

At the sentencing hearing, the prosecutor asked the court to order restitution in the amount of $9,950. The trial court inquired as to the particulars of the claim for restitution and then invited comment from defendant's attorney. The attorney stated:

"Judge, I've received the restitution materials from the State. The only thing that I would—I'll just put in an objection to him having to pay restitution at all because I don't see how he's ever going to be able to do it."

The court responded:

"Well, I am going to order restitution as part of post-prison supervision in the amount of $9,500. At this point, ordering that—and I know one of the requests it was that he be responsible for counseling expenses for [the victim].

"I don't think that is within—unfortunately, [the victim] probably needs his counseling now and many years from now that hopefully will not be necessary. I don't know whether it will or not, but I'm not going to impose that, but I am going to order the restitution amount."

ORS 137.106(2) provides:

"In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b)  The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c)  The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

Defendant argues that the trial court did not comply with the provisions of ORS 137.106(2) by taking into account his ability to pay restitution when it made its order, even in the face of an express objection by defense counsel. The state responds,

"This limited record discloses that defendant is 19 years old, that he has completed 10th grade and is 'working on a GED,' and that he has been gainfully employed in the past (PSI 10); nothing in this record suggests that defendant has any other substantial financial obligations or that he has any physical, emotional, or mental disabilities that will interfere with his ability to earn an income in prison or upon his release. When the prosecutor recommended restitution in the amount of $9,950, defense counsel's only objection was 'I don't see how he's ever going to be able to do that.' The sentencing court then imposed the full amount requested but, as noted above, suspended payment of the sum until defendant's release from prison. * * *

"* * * * *

"For all this record shows, defendant will be fully capable, upon his release from prison, to obtain suitable employment and then to pay restitution on an installment basis to his victims. * * * In this case, a fair construction of this record is that the sentencing court did consider defendant's vague and anemic ability-to-pay objection and concluded that that is not a sufficient basis for him to avoid reimbursing the victims in full for their extensive losses. The fact that the court suspended payment of any restitution for 15 years, until defendant's release, demonstrates that it did take into account his present ability to pay." (Transcript citations omitted.)

ORS 137.106(2) is clear: "the court shall take into account" the factors enumerated in the statute before determining whether to order restitution. In this case, there is nothing in the record that demonstrates that the trial court complied with the mandate of the statute. Simply because

there was information in the presentence investigation does not necessarily mean that the trial court considered that information when the objection to restitution was made. As we said in *State v. Jones*, 124 Or App 489, 493, 863 P2d 480 (1993), a court " 'considers' a matter [under ORS 137.106(2)] by devoting some element of thoughtful deliberation to it." It could be, as the state suggests, that the trial court mentally took the statutory factors into consideration; however, in the face of an express objection by defendant and no explanation for its ruling by the trial court, we are unwilling to draw such an inference from this record. In addition, "[t]he statute implicitly requires a determination of the *amount* of restitution that the defendant is able to pay within the time period directed for payment, not merely that defendant is capable of paying restitution." *State v. Hart*, 149 Or App 552, 555-56, 944 P2d 980 (1997), *rev allowed* 327 Or 431 (1998). On this record, we are unable to conclude that the court undertook that consideration. Although the trial court postponed payment until defendant's release, the statute requires that the court determine whether the amount of restitution ordered is reasonably payable within the prescribed time period for payment.

Order of restitution vacated and remanded for reconsideration; otherwise affirmed.