Argued and submitted December 22, 1998, affirmed September 29, 1999

## STATE OF OREGON,
### *Respondent,*

*v.*

## CORY MOTSCHENBACHER,
### *Appellant.*

(96C-20757, 96C-20795; CA A97701 (Control), A97702)
(Cases Consolidated)

986 P2d 1246

Daniel O. O'Dell, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, S. J.*

---

* Retired February 28, 1999.

**WARREN, S. J.**

Defendant pled guilty to four counts of assault III and driving under the influence of intoxicants (DUII). In addition to prison time, post-prison supervision and unitary assessments, the court also ordered defendant to pay $162,367.59 in restitution. Defendant seeks review of the order of restitution, assigning as error the trial court's finding that defendant had the ability to pay $162,367.59. First, defendant argues that payment of the entire amount of restitution is limited to the period of post-prison supervision, in this case, two years. Next, defendant argues that, even if a "lifetime" obligation can be ordered, the trial court did not meaningfully consider defendant's ability to pay over his lifetime. We affirm the trial court's order.

At defendant's sentencing hearing, at the court's request, defendant's counsel made some statements about defendant. He stated that the defendant is a skilled worker and a valuable employee who does a very professional job. He further offered that defendant has a good job that he assumes will be available for him when he is released from prison. Defendant's counsel then stated that defendant does not have much money but that he does have the ability to earn money upon his release. The state suggested that the court look beyond the time that defendant will be on post-prison supervision. The trial court found that defendant has the ability to pay the full amount of restitution and that defendant is a skilled person and not of poor health. The court went on to find that "[t]he time element that's required is not a limitation." The trial court then entered judgment for the restitution to be paid "according to the payment schedule established by the Board of Parole and Post [-Prison] Supervision pursuant to ORS 144.275 upon defendant's release from prison."

 Defendant's first argument has been decided adversely to him in *State v. Hart*, 329 Or 140, 150, 985 P2d 1260 (1999), which states, in part:

> "The state reads the Court of Appeals' opinion [in *State v. Hart*, 149 Or App 552, 944 P2d 980 (1996)] as implying that restitution, if ordered at all, must be made payable during

the period of post-prison supervision. Defendant appears to agree with that interpretation. We do not agree that the Court of Appeals' opinion necessarily so holds. Nevertheless, to the extent that the opinion is capable of that inference, that proposition is incorrect. Such a limitation is neither expressed nor implied anywhere in any of the pertinent statues. Indeed, the opposite is implicit throughout the statutory scheme. Applicable procedural statutes require that the restitution part of a judgment and sentence of conviction be set out in a separate money judgment section and be docketed as a money judgment. ORS 137.071(9); ORS 137.180(1). Once the money judgment is so docketed, it is enforceable as any other civil money judgment. ORS 137.180(4) ('[e]ntry and docketing of judgment under this section has the same effect as a judgment in a civil action[']); ORS 161.685(6) (failure to make restitution or a default on an instalment on restitution 'may be collected by any means authorized by law for the enforcement of a judgment'). The judgment then expires at the end of 20 years after entry of judgment and may not be renewed. ORS 18.360(2). It is self-evident that the foregoing statutes contemplate the payment of restitution beyond the period in which a defendant is subject to supervision."

Defendant next contends that the trial court did not meaningfully consider defendant's ability to pay. "A court 'considers' a matter by devoting some element of thoughtful deliberation to it." *State v. Jones*, 124 Or App 489, 493, 863 P2d 480 (1993). It is clear that the trial court did devote some thoughtful deliberation to defendant's ability to pay. Defendant accepted responsibility for the full amount of restitution ordered. The court invited the comments of both counsel before making its decision and made specific comments regarding defendant and his ability to pay. His attorney acknowledged that he could pay "$50,000, perhaps 4, over a four or five year parole program." There was discussion about defendant's good work history, his skills, his future ability to pay, and the employment opportunity available to him on his release from prison. Nothing further was required. The trial court meaningfully considered defendant's ability to pay.

Affirmed.