Argued and submitted May 28, conviction affirmed; remanded for resentencing
September 10, 1997

STATE OF OREGON,
*Respondent,*

*v.*

KIMBERLY ANN HART,
*Appellant.*

(95C-22922; CA A92712)

944 P2d 980

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant appeals a judgment convicting and sentencing her for aggravated theft in the first degree. The trial court sentenced defendant to 12 months in prison and two years of post-prison supervision and ordered that she pay $95,328.76 in restitution over a period of two years. Defendant does not challenge her conviction but contends that the trial court erred in ordering payment of restitution without first determining her ability to pay the full amount. The state contends that there need not be a determination that defendant has the ability to pay the full amount of restitution ordered within the two-year period, but only that she has an ability to pay restitution, and that the court made that determination. We affirm the conviction and remand for resentencing.

Defendant entered a plea of guilty to the crime of first-degree aggravated theft. Before the trial court pronounced sentence, defense counsel requested that the court put his client on probation for five years, to enable her to pay full restitution, the amount of which she does not contest. He noted that his client would agree to a garnishment of her wages. The trial court nonetheless imposed a one-year prison sentence and directed payment of restitution during a two-year period of post-prison supervision. Counsel objected that defendant could not reasonably be expected to pay the full restitution in two years. The trial court said, "I'll make a finding she's capable of paying it. She has employment opportunities, capabilities."

■    ORS 137.106(2) provides:

"In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a)   The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to other obligations of the defendant;

"(b)   The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

We review the trial court's determination under the statutory factors for whether it exceeds the maximum allowable by law. *State v. Jones*, 124 Or App 489, 493, 863 P2d 480 (1993).

■ Defendant contends that the trial court has failed adequately to consider defendant's ability to pay and that the court's finding that defendant has the ability to pay the full amount of restitution ordered is not supported by evidence in the record. In this same context, we recently said:

"A court 'considers' a matter by devoting some element of thoughtful deliberation to it. Here, the court's only purpose in mentioning the ability to pay was to express disdain for and rejection of defendant's suggestion that defendant's ability to pay be considered. That is not enough." *Id.*

Apart from its fleeting mention that defendant has "opportunities, capabilities," it is not apparent from the record that the court took into account defendant's ability to pay the full amount of the restitution within the two-year period of post-prison supervision. In fact, in its only other discussion related to the question of restitution, the court seemed to express doubt about defendant's ability to pay:

"I'll direct that when you're released on post-prison supervision that it be recommended that you be required to pay restitution in the amount of $95,328.76. And I think in weighing out all the factors I think the odds of repayment of that, I want to see it all paid and I'd like to see you pay as much as you can as quickly as you can. I really don't know that I'm in my heart, that I'm producing odds of getting it all paid back to any great extent by this sentence."

Nonetheless, the court found that she has the ability to pay. On remand, the trial court should explain what factors it considered in determining that defendant has the ability to pay.

■ We reject the state's argument that the trial court's findings need not consider the defendant's ability to pay *all* the restitution *within the required time period*, but that the findings are sufficient if they consider the defendant's ability to pay *any* restitution. The statute implicitly requires a determination of the *amount* of restitution that the defendant is

able to pay within the time period directed for payment, not merely that the defendant is capable of paying restitution. As we said in *State v. Lewis*, 123 Or App 476, 479-80, 860 P2d 306 (1993), the considerations set out in subsection (2) of the statute, including the requirement that "the court take into account" the defendant's ability to pay, serve to guide the court's discretion in determining "what portion of the maximum amount of restitution should be ordered." On reconsideration, the sentencing court should determine whether defendant has the ability to pay the full amount of restitution ordered to be paid withing the two-year period of post-prison supervision.

Conviction affirmed; remanded for resentencing.