# STATE OF OREGON,
*Respondent,*

*v.*

# CHAD RAMSEY,
*Appellant.*

# (96D106989; CA A94848)

967 P2d 525

Steven H. Gorham argued the cause and filed the brief for appellant.

Jennifer Scott Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from 18 orders of summary contempt. ORS 33.096.[1] The trial court imposed 30 days in jail and a $500 fine for each contempt order with the time to be served consecutively. Defendant argues that the trial court erred by mistakenly treating the first contempt order as a summary contempt; that the trial judge's refusal to disqualify himself from sentencing defendant violated his right to be sentenced by an impartial judge; that the trial court erred by citing defendant for 17 separate contempt orders during one proceeding instead of one continuing contempt; that the trial court did not have authority, or in the alternative, did not make the required findings, to sentence defendant to consecutive sentences; and, finally, that the trial court erred in imposing a punitive fine of $500 for each contempt order without first making a finding of defendant's ability to pay pursuant to ORS 161.645. We affirm.

Each of the contempt orders was issued during defendant's sentencing for his convictions of criminal mischief in the first degree and attempted escape in the second degree. Defendant appeals only from the orders of contempt. Defendant first appeared for sentencing on July 26, 1996. At that time, a question arose as to the accuracy and location of a presentence report. During a long, and obviously frustrating, discussion about the sentencing report between defendant's attorney and the trial judge, defendant interjected:

"[DEFENDANT]: Why don't we just cut all this shit short —

"THE COURT: Cut all this what?

"[DEFENDANT]: —and I'll just waive my PSI now and you just go ahead and sentence me today.

---

[1] ORS 33.096 provides:

"A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court. The provisions of ORS 33.055 and 33.065 do not apply to summary imposition of sanctions under this section."

For simplicity, "regular contempt" refers to any contempt order other than a summary contempt.

"THE COURT:   Take him back, I'll deal with him later.

"[DEFENDANT]:   Fuck you.

"THE COURT:   He's held in contempt and I'll do it Tuesday morning."

That exchange accounted for contempt order number one.

On August 2, 1996, defendant appeared before the same judge for sentencing on both the original charges and the contempt order. At the beginning of that hearing, defense counsel addressed the court:

"As you well know, last week [defendant] said something in court that was unfortunate and you held him in contempt. And I think that as a result of that I have to ask the court to withdraw itself from sentencing [defendant] in this case. It's likely the court is prejudice [*sic*] against him because of the scene."

The trial court responded:

"No. [Defendant] certainly didn't do himself any favors by his actions last time * * * [I]f the court were to have to recuse. itself every time someone did something to—that merited a contempt matter, it would certainly be that if a defendant didn't like a judge, he'd walk in and say something to be held in contempt, and then move to have the judge recuse itself [*sic*]. I'm going to deny that."

Defendant's conduct after that refusal and during the ensuing sentencing accounted for contempt orders two through eighteen. A verbatim account of what transpired is unnecessary and it is sufficient to say that it consisted of ongoing vulgarity similar to that uttered in the first proceeding, insolence toward the trial judge and numerous disruptions of the court.[2] The judge repeatedly warned defendant, and each time the warning was ignored. Defendant responded to a number of the trial court's contempt orders with language resembling the fraternity pledge ritual of "thank you sir may I have another." Each time the trial court complied.

---

[2] Defendant, in his brief before this court, requested that we listen to the tapes of this proceeding to "hear the tension and frustration in the Court's voice" and that the "Court's tone is clearly baiting and challenging the Defendant." Having listened to the tapes, we can say only that the trial court acted with sufficient restraint at all times.

At one point during the sentencing the court informed defendant that each order of contempt carried a penalty of 30 days, to be served consecutively, and a $500 fine. Defense counsel made the following request:

> "I don't mean to be a thorn in the court's side, but I would ask the court to make some kind of finding as to whether, as to ability to pay since he's going to be in prison."

The trial judge responded, "No ability to pay on a fine, sir."

■ In defendant's first assignment of error, he argues that the trial court erred by proceeding under the summary contempt statute, ORS 33.096, when the trial judge cited defendant for contempt on July 26, 1996, but failed to sentence him until August 2, 1996. However, defendant fails to identify, and we cannot find, where that issue is even arguably preserved in the record. We will not consider it. ORAP 5.45(2).

■ Second, defendant argues that the trial judge committed error when he refused to disqualify himself. ORS 14.260.[3] However, even if the trial court did err in denying defendant's motion for disqualification, that does not eviscerate the trial judge's authority to maintain order and decorum in the courtroom. *See Taylor v. Gladden*, 232 Or 599, 602, 377 P2d 14 (1962). The alleged error could not lead to relief from the multiple contempt orders. Defendant does not appeal from the sentencing for the underlying crimes, thus, the issue does not merit discussion.

■■ In defendant's third assignment of error, he asserts that the trial court erred in issuing seventeen separate counts of contempt for his conduct on August 2.[4] He suggests that his conduct amounted to one continuing contempt. Defendant acknowledged, at oral argument, that this issue

---

[3] ORS 14.260(1) provides, in part:

"Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that such party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay."

[4] Defendant also argues in his third assignment of error that the court erred by not making findings of fact that he acted "willfully" pursuant to ORS 33.015(2). That argument is not preserved. ORAP 5.45(2).

was not preserved but urges this court to treat it as an error apparent on the face of the record. ORAP 5.45(2). An error is apparent on the face of the record only when "the legal point is obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Applying that standard, the trial court's multiple orders of contempt are only reversible if it is beyond dispute that they amounted to only a single contempt. We conclude that that standard is not met and deny defendant's request.

■   Fourth, defendant argues that the trial court erred in imposing consecutive sentences for contempt orders two through seventeen without making specific findings of fact pursuant to ORS 137.123(5). That issue is not preserved and is not error apparent on the face of the record. *See State v. Bucholz*, 317 Or 309, 320-21, 855 P2d 1100 (1993) (holding that "[t]o preserve an error in the face of the possibility that [ORS 137.123] expressly permits consecutive sentencing in the situation at hand, a defendant who objects to lack of express findings to bring the case under [ORS 137.123(5)], must place that objection on the record at the time of sentencing").

Defendant's final assignment of error is that the "trial court erred when it sentenced the Defendant to fines even after it found that he had no ability to pay." As a preliminary matter, we disagree with defendant's characterization of the court's statement. In response to defense counsel's request for specific findings on ability to pay, the trial court responded: "No ability to pay on a fine, sir." That statement, argues defendant, amounts to a specific finding that defendant did not have the ability to pay. However, after listening to the recording of the proceedings, as defendant urged, it is entirely clear that the trial court intended that statement to mean that it is not required to make such a finding when imposing a fine for direct contempt.

■   Notwithstanding defendant's mischaracterization of the court's statement, we address whether the trial court erred when it failed to consider defendant's ability to pay before levying the fine. ORS 161.645 provides:

"In determining whether to impose a fine and its amount, the court shall consider:

"(1)   The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant; and

"(2)   The ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court."

The state argues that ORS 161.645 does not apply to fines issued pursuant to a summary contempt order. We agree.

■       At the outset, we note the difference between regular contempt proceedings and summary contempt proceedings. Regular contempt proceedings carry extensive safeguards, *see* ORS 33.025 to ORS 33.085, which preserve a defendant's constitutional and statutory rights during criminal proceedings. ORS 33.065 provides that all proceedings on a contempt instrument must "be in the same manner prescribed for criminal proceedings." However, the summary contempt statute, ORS 33.096, specifically provides that ORS 33.065 does not apply to the imposition of sanctions pursuant to a summary contempt order. That exclusion persuades us that a defendant in a summary contempt proceeding is not entitled to the same protections that are otherwise available in a regular contempt proceeding. *See Pearson and Pearson,* 136 Or App 20, 24, 900 P2d 533 (1995).

■       The purpose of allowing courts to punish for summary contempt in a direct manner arises from the necessity of preserving order and dignity in judicial proceedings. *See City of Klamath Falls v. Bailey,* 43 Or App 331, 334, 602 P2d 1107 (1979) ("The court may punish for such contempts summarily, without notice or trial, if timely done, and without other proof than its actual knowledge of what occurred."). That purpose would be hindered if a trial court were required to make specific findings of ability to pay, pursuant to ORS 161.645, before issuing a summary fine. ORS 33.096 is not subject to the requirements of ORS 161.645. A court issuing summary contempt sanctions need act only within the statutory limits of ORS 33.105, which limits summary contempt

sanctions to a $500 fine, confinement of 30 days, and probation or community service for each separate contempt.[5] ORS 33.105(3).

Affirmed.

---

[5] We render no opinion on whether contempt orders other than summary contempt orders are limited by ORS 161.645.