Argued and submitted March 8, decision of Court of Appeals affirmed in part and reversed in part; judgment of circuit court affirmed July 29, 1999

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# KIMBERLY ANN HART,
*Respondent on Review.*

## (CC95C22922; CA A92712; SC S44698)

985 P2d 1260

Ann Kelley, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Walter J. Ledesma, Deputy Public Defender, Salem, argued the cause for respondent on review. With him on the brief was David E. Groom, Public Defender.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

GILLETTE, J.

---

** Kulongoski, Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

**GILLETTE, J.**

In this criminal case, defendant pleaded guilty to aggravated theft for embezzling a large sum of money from her employer. The trial court sentenced defendant to a prison term totaling 18 months for that theft and for two probation violations and ordered defendant to pay a substantial sum in restitution within 24 months of the date of her release from prison. The Court of Appeals reversed the restitution part of the sentence, remanded the case to the trial court for findings concerning defendant's ability to pay the entire amount ordered during the two-year period, and otherwise affirmed the judgment of the trial court. *State v. Hart*, 149 Or App 552, 944 P2d 980 (1997).

We allowed review to consider whether a trial court is required to make findings of fact before ordering a defendant to pay restitution and, secondarily, to address limitations that a defendant's ability to pay might place on a trial court's ability to impose restitution. We conclude that the trial court was not required to make particular findings of fact on the record. We further conclude that, on the record before it, the trial court did not err in choosing to impose the sentence of restitution that it imposed. Accordingly, we reverse in part and affirm in part the decision of the Court of Appeals, and affirm the judgment of the trial court.

The following facts are undisputed. Defendant was employed by Eagle Graphics as an accounts-receivable clerk. In 1995, defendant's employer discovered that, over the course of about a year and a half, defendant had been issuing checks in her husband's name and intercepting incoming payments to the corporation. Defendant deposited those funds in her own account and doctored the corporate books to hide her activities. By the time she was caught, defendant had embezzled over $95,000 from Eagle Graphics.

At the time when defendant committed the foregoing crimes, she was on probation for committing similar offenses against her previous employer. In 1992, while defendant was employed as a bookkeeper for a company called Specialty Countertops, defendant forged 76 checks and

embezzled at least $30,000 from that company. She was convicted on one count of aggravated theft and one count of first-degree forgery in that case, and sentenced to five years' probation and ordered to pay $6,150 in restitution.[1] At the time of the arrest in the present case, defendant had not paid any significant part of the earlier restitution amount.

As a result of her misconduct at Eagle Graphics, defendant was charged with one count of aggravated theft and two counts of first-degree forgery. She pleaded guilty to the aggravated theft charge in return for dismissal of the forgery charges. At the sentencing hearing, the trial court reviewed defendant's criminal history and heard victim-impact testimony from her employer. The court revoked defendant's probation on the two prior felony convictions and imposed concurrent six-month prison sentences on each, along with two years of post-prison supervision. On the new charge, the court found sufficient aggravating factors to impose a dispositional departure sentence of one year in prison, to run consecutively to the sentences on the prior felonies, and imposed two years of post-prison supervision. Finally, the court sentenced defendant to pay any restitution remaining unpaid from the 1992 convictions, along with restitution in the amount of $95,328.76 for the 1995 aggravated theft conviction. The court directed that defendant pay those amounts during the two years of post-prison supervision. Defendant objected to the restitution part of the sentence to the extent that it required her to pay back the entire amount over the two-year period of post-prison supervision. The court declined to change that term, noting that defendant's history showed that she was capable of paying the amount ordered.

On appeal, defendant assigned error to the trial court's imposition of over $95,000 in restitution payable during the two-year period of post-prison supervision, arguing that the evidence was insufficient to support a finding that defendant was capable of paying that amount in that period of time, particularly in light of the fact that she was earning

---

[1] At the time of the 1992 convictions, defendant was on probation for a 1990 forgery conviction, resulting from her theft of a $3,000 check from another previous employer. At the 1992 sentencing, defendant's previous probation was continued. That term of probation had expired before her 1995 arrest.

only $7.50 hourly at the time of sentencing. The Court of Appeals agreed and remanded the case to the trial court for additional findings and resentencing. *Hart*, 149 Or App at 555. In addition, the Court of Appeals held that the restitution statute "implicitly requires a determination of the *amount* of restitution that the defendant is able to pay within the time period directed for payment, not merely that the defendant is capable of paying restitution." *Id.* at 555-56 (emphasis in original). Accordingly, the court directed the trial court on remand to determine whether defendant would have the ability to pay the entire amount ordered within the time frame allotted. *Id.* at 556.

■ We review to determine whether the trial court complied with the requirements of law in imposing its sentence. ORS 138.222(4)(a).[2] The legal requirements for a sentence of restitution are set out in ORS 137.106. That section provides:

> "(1) When a person is convicted of criminal activities * * * which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.
>
> "(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:
>
> "(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard for the other obligations of the defendant;

---

[2] In her brief before the Court of Appeals, defendant erroneously stated that the Court of Appeals had jurisdiction under ORS 138.040, which allows for review of certain dispositions to determine if the disposition "[e]xceeds the maximum allowable by law." ORS 138.040(1)(b)(A). The Court of Appeals apparently agreed with that statement of jurisdiction, insofar as it issued an order amending its opinion to state that it reviews the trial court's determination for consideration of whether it exceeds the maximum allowable by law rather than for abuse of discretion. Order Amending Opinion, dated October 22, 1997. Appellate court review in this case, however, is governed by ORS 138.222. *See State v. Edson*, 329 Or 127, 985 P2d 1253 (1999) (holding that sentences of restitution imposed for felony convictions after November 1, 1989, are subject to review under ORS 138.222).

"(b) The ability of the defendant to pay restitution on an instalment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment.

"(3) If the defendant objects to the imposition, amount or distribution of the restitution, the court shall at the time of sentencing allow the defendant to be heard on such issue."

■■ We first address the trial court's authority under ORS 137.106 to require defendant to pay the entire amount of restitution ordered within two years following her release from prison, without first expressly finding that defendant is capable of paying that amount in that time period. Whether ORS 137.106 generally requires the trial court to make findings of any kind, and whether that statute particularly requires the trial court to find as fact that a defendant is capable of paying the amount ordered within a particular time period, are questions of statutory interpretation. In interpreting a statute, our task is to discern the intent of the legislature. We undertake that task by using the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), under which we look first to the text of the statute itself as the best evidence of the legislature's intent. *Id.* at 610-11. Also at the first level of our analysis, we look to the context of the statutory provision at issue, which includes other provisions of the same statute and other related statutes, *id.* at 611, as well as the statutory framework within which the law was enacted. *Ibid.*; *accord, Goodyear Tire and Rubber Co. v. Tualatin Tire and Auto*, 322 Or 406, 416-17, 908 P2d 300 (1995), *modified on reconsideration* 325 Or 46, 932 P2d 1141 (1997) (applying principle). If the legislature's intent is clear after that analysis, then further inquiry is unnecessary. *PGE*, 317 Or at 611.

■ We begin our analysis by noting that the text of ORS 137.106 does not require expressly that the trial court make findings of any kind. In fact, the word "findings" does not

appear in that section at all. In addition, the statutory framework within which ORS 137.106 was enacted provides relevant context and supports the proposition that the legislature did not intend to require findings as a prerequisite to imposing restitution.

The legislature enacted ORS 137.106 in 1977. Or Laws 1977, ch 371, § 2. At the same time, the legislature added the following wording to ORS 161.675(1):

> "If a defendant is sentenced to a term of imprisonment, an order of payment of a fine, costs or restitution shall not be enforceable during the period of imprisonment *unless the court expressly finds that the defendant has assets* to pay all or part of the amounts ordered at the time of sentencing."

Or Laws 1977, ch 371, § 4 (emphasis added). The legislature's explicit inclusion of a findings requirement in section 4 of an act suggests that the absence of such a requirement in section 2 of the same act was intentional. That interpretation is supported by applying the methodology set out in *PGE*, which directs the court, at the first level of analysis, to consider rules of construction that bear directly on how to read the text. *PGE*, 317 Or at 611. One of those rules is statutory: ORS 174.010 enjoins this court "not to insert what has been omitted, or to omit what has been inserted" from a statute.

The Court of Appeals appears to have found an implicit contextual requirement that a trial court make findings regarding a defendant's ability to pay before ordering restitution in the statutory directive to the trial court to "take into account" various factors in deciding whether to impose restitution that is complete, partial, or nominal. ORS 137.106(2). Those factors include the defendant's financial resources and the burden that a restitution payment obligation will impose, the defendant's ability to pay, on an installment basis or otherwise, and the rehabilitative effect of payment on the defendant. *Ibid.* However, that directive does not, in itself, mandate findings of fact on the record regarding the defendant's ability to pay. On the contrary, that wording merely requires the court to take into account all the relevant

factors. It does not make any one factor, including the defendant's ability to pay, dispositive. *State v. Edson*, 329 Or 127, 133, 985 P2d 1253 (1999).

■ In *Edson*, this court held that, having taken into account the statutory criteria in ORS 137.106(2), "the trial court is free to impose restitution in an amount and on such conditions that the court determines best addresses " 'the offender's economic circumstances, the victim's interest in the recovery and the punitive and reformative goals of these statutes.' " 329 Or at 133, *quoting State v. Hart*, 299 Or 128, 135-36, 699 P2d 1113 (1985). That amount may constitute complete, partial, or nominal restitution, as long as the total amount of restitution ordered is measured by the injury to the victim and bears a reasonable relationship to the defendant's criminal conduct. *Edson*, 329 Or at 133.

■ The restitution sentencing statute does not place the burden on the state to prove a defendant's particular financial condition. Under ORS 137.106(1), the state only is required to present evidence regarding the "nature and amount" of the pecuniary damages suffered by the victim. A defendant may object and, if he or she wishes, present evidence as to why a particular proposed restitution amount or payment schedule should not be imposed. *See* ORS 137.106(3) (listing grounds for objection). But the restitution statute permits the trial court to order complete, partial, or nominal restitution as the court finds appropriate to meet traditional sentencing objectives, payable within a time frame that the court concludes is best suited to the circumstances, unless it is evident at the conclusion of the sentencing hearing that the defendant actually cannot meet the payment schedule ordered.[3] *Edson*, 329 Or at 134-35.

---

[3] In this regard, we note that, in cases where restitution is ordered to be paid at the conclusion of a lengthy prison sentence, it likely would not even be possible for the trial court to make findings regarding the defendant's ability to pay on release from prison, because any evidence presented by the parties to that effect at the time of the sentencing hearing would be speculative, at best. An example of such a case is found in *State v. Hart*, 299 Or 128, 699 P2d 1113 (1985), in which this court approved a restitution sentence of over $224,000, payable in monthly instalments of not less than $100, imposed on a defendant who also was sentenced to a 10-year term of imprisonment. The defendant was ordered to begin paying the restitution 60 days after his release from custody.

We hold that the legislature did not intend to require the trial court to make findings regarding a defendant's ability to pay in order for the court to be able to impose a sentence of restitution.[4] We conclude, therefore, on the basis of our examination of the statutory text and context, that the meaning of ORS 137.106 in this respect is clear. The statute does not require the trial court to make findings of fact on the record regarding a defendant's ability to pay before ordering a defendant to pay restitution. That is not to say that this court discourages such findings; on the contrary, this court encourages trial courts to state their findings on the record. Findings of fact always are useful and, on occasion, could even be critical in a marginal case in which the reasonableness of a trial court's choice with respect to the amount, duration, or other conditions surrounding a sentence of restitution are not obvious from the record. But no authority requires findings, and the Court of Appeals erred in concluding otherwise.

It follows that the trial court's restitution sentence in this case was proper if, in light of the record as a whole, a trial court reasonably could have imposed it. We turn to that question.

■ Defendant does not dispute that her criminal conduct caused the victim pecuniary damages, nor does she challenge the amount of restitution ordered. Moreover, it is apparent from a review of the transcript of the sentencing hearing and the presentence investigation report, which the trial court had before it at that hearing, that the trial court adequately "took into account" the relevant statutory criteria before ordering defendant to pay restitution. First, with respect to the financial resources available to the defendant and the burden that payment of restitution will impose (ORS 137.106(2)(a)), the court had before it evidence that defendant had stolen over $95,000 in just over a year and a half, is married, and her husband is employed. Second, with respect

---

[4] The legislature's affirmative choice would not necessarily end the matter, were this court to deem findings essential for appellate review. *See, e.g., McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 94-96, 957 P2d 1200 (1998) (findings required to permit appellate review of award of attorney fees). Given the nature of a decision to impose restitution, however, we are satisfied that the statutorily prescribed procedures, *see Edson*, 329 Or at 135, are sufficiently clear that we do not deem such findings to be essential here.

to defendant's ability to pay restitution on an instalment basis or on other conditions fixed by the court (ORS 137.106(2)(b)), the court heard testimony that defendant is both employed and employable and that, at the time of sentencing, defendant was earning $7.50 per hour. Third, with respect to the rehabilitative effect of the payment of restitution and the method of payment (ORS 137.106(2)(c)), the court had before it evidence that defendant twice before had committed similar crimes and that, when she was required in the past to pay a comparatively small amount of restitution over a comparatively long period of time, she had failed to pay any significant part of the restitution ordered.

Finally, it was in no way apparent from the record at the sentencing hearing that defendant would not be able to pay the amount of restitution ordered in the time set for payment. On the contrary, the fact that defendant stole such a large amount of money over such a short period of time—and may, therefore, still own property purchased with the ill-gotten gains—combined with the facts that defendant has employment capabilities and that her husband is employed, at least give rise to the inference that defendant might have the financial resources to satisfy the restitution payment obligation.[5]

Under the circumstances, we conclude that the trial court complied with the requirements of ORS 137.106 when it ordered defendant to pay restitution on her release from prison during the two-year period of her post-prison supervision. The sentence of restitution was one that, in light of the record as a whole, a trial court reasonably could have imposed. The Court of Appeals' contrary ruling was error.

---

[5] In the event that defendant does find herself unable to pay the restitution ordered after she is released from prison, related statutes allow for adjustment of that obligation. For example, in a contempt proceeding resulting from defendant's default on an instalment of restitution, defendant would be permitted the opportunity to show why her failure to pay should not be treated as contempt. ORS 161.685(1). If she is successful in that effort, then ORS 161.685(5) allows the court to enter an order granting defendant additional time for payment, or reducing the amount of the payment or the instalments due on the payment, or even revoking the order of restitution in whole or in part.

 One final consideration deserves mention. The state reads the Court of Appeals' opinion as implying that restitution, if ordered at all, must be made payable during the period of post-prison supervision. Defendant appears to agree with that interpretation. We do not agree that the Court of Appeals' opinion necessarily so holds. Nevertheless, to the extent that the opinion is capable of that inference, that proposition is incorrect. Such a limitation is neither expressed nor implied anywhere in any of the pertinent statutes. Indeed, the opposite is implicit throughout the statutory scheme. Applicable procedural statutes require that the restitution part of a judgment and sentence of conviction be set out in a separate money judgment section and be docketed as a money judgment. ORS 137.071(9); ORS 137.180(1). Once the money judgment is so docketed, it is enforceable as any other civil money judgment. ORS 137.180(4) ("[e]ntry and docketing of judgment under this section has the same effect as a judgment in a civil action); ORS 161.685(6) (failure to make restitution or a default on an instalment on restitution "may be collected by any means authorized by law for the enforcement of a judgment"). The judgment then expires at the end of 20 years after entry of judgment and may not be renewed. ORS 18.360(2). It is self-evident that the foregoing statutes contemplate the payment of restitution beyond the period in which a defendant is subject to supervision.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed.