Argued and submitted March 31, affirmed October 13, 1999

STATE OF OREGON,
*Respondent,*

*v.*

JAMES LAMERE VANCLEAVE,
*Appellant.*

(974719; CA A99862)

989 P2d 473

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals from a judgment entered on October 9, 1997, that: (1) convicted him of attempted assault in the first degree, ORS 163.185 and ORS 161.405(2)(b); (2) imposed a stipulated 45-month prison sentence and 36 months of post-prison supervision; (3) found defendant to have the ability to pay court-imposed financial obligations that included restitution in the amount of $23,226.06; (4) applied defendant's security release/bail of $4,800 to the financial obligations; (5) as a condition of post-prison supervision, required that "Defendant retire the financial obligation remaining ($23,226 less $4,800) at the rate of not less than $300 per month. At $300 per mo[nth], the Defendant would retire $10,800, leaving a balance of $7,626.00, which [the] court [found] the Defendant ha[d] the ability to pay"; and (6) stated October 7, 2007, as the date on which payment must be made in full. Defendant argues that the trial court erred by ordering restitution in an amount that it knew could not be paid within the post-prison supervision period. We affirm.

At the time of sentencing, defendant was 27 years old. During the sentencing hearing, defendant or his counsel provided the following additional information: Defendant had no physical disabilities, no high school diploma, no children and was not married. He did not own a car. However, approximately five years before the hearing, defendant had purchased a house. Defendant had paid $3,000 as a down payment and was making monthly payments of $500 per month. Defendant had been earning approximately $12 to $14 per hour in the construction industry. During sentencing, the court ruled:

"I find that he has the ability to make restitution based on what you have heard here and the wherewithal to do so. He's able-bodied. He had a—he has employment skills in the construction trade which historically, by his own comments, have netted him $14 per hour. * * *

"I believe that any person involved in a criminal event that results in a personal injury does shoulder some personal responsibility to make the victim whole and for that

there can be no doubt. The Court is not directing the defendant to make restitution over the course of three years. This is a judgment that is good for ten years. In fact, it may be 20 now * * *[.]"

On appeal, defendant explains:

"The trial court believed that the proper time frame for the consideration of ability to pay was the 20-year period of the judgment. Based upon this erroneous premise, the court ordered defendant to pay $23,226.06 in restitution at a rate not less than $300 per month. At that rate, the trial court found that defendant would have $7,626 left at the end of PPS. This was error because *State v. Hart*, 149 Or App 552, 944 P2d 980 (1997)[,] *rev allowed* [327 Or 431] (1998)[,] holds that the trial court must consider the ability to pay the full amount of restitution within the period of PPS. Defendant is a high school drop out who historically earned $12-14 per hour. No reasonable person could conclude defendant had the ability to pay the monetary obligations of around $24,000 over two years."

To the extent that the claimed error was preserved below, it is controlled by *State v. Hart*, 329 Or 140, 985 P2d 1260 (1999), in which the Supreme Court held that the payment of restitution is not limited to a defendant's post-prison supervision period. The court in *Hart* also indicated that a trial court's restitution sentence is "proper if, in light of the record as a whole, a trial court reasonably could have imposed it." 329 Or at 148. Here, the trial court reasonably could have found that defendant will be able to satisfy his financial obligations by October 7, 2007, the date imposed in the judgment.

Affirmed.