Submitted on record and briefs December 3, 1999, affirmed July 12, 2000

CARL JOSEPH ANTUNEZ,
*Appellant,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(99-03-30,348M; CA A106518)

7 P3d 735

Bob Pangburn filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

PER CURIAM

Wollheim, J., concurring.

## PER CURIAM

Petitioner appeals from a judgment denying post-conviction relief and requiring him to pay $975 as the cost of his court-appointed counsel. ORS 151.505(1).[1] We reject, without discussion, petitioner's challenge to the denial of post-conviction relief and write only to address petitioner's argument on appeal that the trial court erroneously imposed costs under ORS 151.505(1) because it "made no determination on the record regarding whether Appellant actually had adequate financial resources to pay the fees."

Here, unlike in *Bacote v. Johnson*, 169 Or App 44, 7 P3d 729 (2000), petitioner's counsel *did* explicitly argue to the trial court that "there is no finding * * * as to the ability of the defendant to make payment." Assuming, without deciding, that the trial court was obligated to make an explicit determination as to petitioner's ability to pay before imposing an award of costs under ORS 151.505(1),[2] our review of the record discloses that the trial court did, in fact, make a sufficient determination on the record.

Affirmed.

**WOLLHEIM, J.,** concurring.

I concur with the the majority's conclusion that the trial court sufficiently "took account of" petitioner's ability to pay and the nature of the burden of paying the costs of his court-appointed attorney. ORS 151.505(4). However, I would hold that ORS 151.505(4) requires the court to consider those

---

[1] ORS 151.505(1) provides:

"At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel."

Petitioner's original *pro se* petition was filed on March 31, 1998. Accordingly, in this case, unlike in *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999), ORS 151.505(1) applies.

[2] *See Bacote*, 169 Or App at 49 n 3.

two factors in a manner that allows this court to review meaningfully for an abuse of discretion.

The facts are not disputed. Petitioner filed his petition for post-conviction relief in March 1998. The court appointed counsel to represent petitioner. The trial occurred in May 1999. At the end of the trial, the court made oral findings and denied the petition. In addition, the trial court ordered that petitioner reimburse the state $975 for his court-appointed attorney fees. Petitioner's attorney objected to the imposition of attorney fees, in part, because there was no finding concerning the ability of petitioner to pay the amount ordered. The court considered the objection and responded:

> "THE COURT: Well, the—the amount of the attorney fees will be the amount that [petitioner's attorney is] being paid under that contract * * *. There is statutory authority for recovery of attorney fees on post conviction relief matters.
>
> "I recognize that [petitioner] is currently in prison. However, I am aware that they do have the opportunity to work and earn at least small amounts, and also that he will at some point be released and after release be able to work and pay the—pay that judgment. But your—your objection is noted."

ORS 151.505 provides the statutory authority to assess attorney fees against petitioner.[1] ORS 151.505(4) provides, in part:

> "The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose."

We have yet to interpret the phrase "take account of" in ORS 151.505(4). However, we and the Supreme Court have interpreted a similar phrase, "take into account," which

---

[1] Fees can be assessed against a petitioner in a post-conviction proceeding if the original petition was filed after January 1, 1998. ORS 151.505(1). Here, the petition was filed in March 1998.

is contained in the criminal restitution statute, ORS 137.106. That statute provides, in part:

> "(2) In determining whether to order restitution which is complete, partial or nominal, *the court shall take into account*:
>
> "(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;
>
> "(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and
>
> "(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."
> (Emphasis added.)

We interpreted ORS 137.106 as implicitly requiring the trial court to make findings. *State v. Hart (A92712)*, 149 Or App 552, 556-57, 944 P2d 980 (1997). The Supreme Court reversed, rejecting our analysis:

> "We begin our analysis by noting that the text of ORS 137.106 does not require expressly that the trial court make findings of any kind. In fact, the word 'findings' does not appear in that section at all. In addition, the statutory framework with which ORS 137.106 was enacted provides relevant context and supports the proposition that the legislature did not intend to require findings as a prerequisite to imposing restitution." *State v. Hart*, 329 Or 140, 145-46, 985 P2d 1260 (1999).

In another restitution case decided the same day, *State v. Edson*, 329 Or 127, 133, 985 P2d 1253 (1999), the Supreme Court noted that "[t]he requirement that the three enumerated factors be 'take[n] into account' simply means that the trial court must consider all three factors."

I would conclude that the phrase "take account of" in ORS 151.505(4) means that the trial court must consider the two statutory factors of the financial ability of the person to pay and any burden that the payment of costs would impose. Although that consideration does not require findings, the record of the court's consideration must be sufficient for review for an abuse of discretion.

We recently discussed the abuse of discretion standard of review in *Liberty Northwest Ins. Corp. v. Jacobson,* 164 Or App 37, 988 P2d 442 (1999). First, the abuse of discretion standard is not particularly helpful because it has no hard and fast meaning. *Id.* at 45. Second, the abuse of discretion standard is relatively without content because it describes the conclusion reached and not the analysis used to reach it. *Id.* For this case, the most critical difficulty in the abuse of discretion standard of review is that

> "[i]t does not address procedural concerns, such as whether the trial court's decision reflects a failure to exercise discretion or to consider all relevant circumstances in making the decision; those, too, can lead to a determination that discretion was abused." *Id.* at 46 (citing *Coulter Property Management, Inc. v. James,* 160 Or App 390, 394, 981 P2d 395 (1999)).

In order to be able to review whether the trial court exercised its discretion and whether it abused its discretion, the trial court's consideration need not be lengthy or complex, but it must indicate why the trial court took the action it took. In contrast to the trial court in *Bacote v. Johnson,* 169 Or App 44, 7 P3d 729 (2000) (Wollheim, J., dissenting), the trial court here did "take account of" the statutory criteria in ORS 151.505(4) and did not abuse its discretion in ordering petitioner to pay costs. The court considered that petitioner could earn some money while in prison and would be able to work upon his release. Under the statute, the trial court's consideration of the statutory criteria might be "bare-boned," but it is sufficient for review.