Submitted on record and briefs December 3, 1999, affirmed July 12, 2000

DENNIS BACOTE,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(98-06-29,826M; CA A105109)

7 P3d 729

Bob Pangburn and Usha Kilpatrick Kotner filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

Wollheim, J., dissenting.

## HASELTON, J.

Petitioner appeals from a judgment denying post-conviction relief and requiring him to pay $975 as the cost of his court-appointed counsel. ORS 151.505(1).[1] We reject, without discussion, petitioner's challenge to the denial of post-conviction relief and write only to address petitioner's argument on appeal that the trial court erroneously imposed costs under ORS 151.505(1) because it "made no determination on the record regarding whether Appellant actually had adequate financial resources to pay the fees." As explained below, we conclude that, because petitioner did not ask the trial court to make such a determination and did not object to the lack of such a determination, the alleged "error" was not preserved. Accordingly, we affirm.

The facts are not disputed. Petitioner filed his petition for post-conviction relief in June 1998. Petitioner requested court-appointed counsel. His affidavit in support of his request stated that he had cash savings of $60, owned no property, had no monthly income but had $40 of monthly expenses. Based on his request, the trial court appointed counsel for petitioner. At the end of the trial, after the court denied post-conviction relief, the following colloquy occurred:

"THE COURT: I'm going to enter an order at this time denying the petition and entering judgment in favor of the [State], ordering that [petitioner] reimburse the State for his attorney fees. And that's—what's the amount [petitioner's counsel]?

"[PETITIONER'S COUNSEL]: $975.00.

---

[1] ORS 151.505(1) provides:

"At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel."

Petitioner's original *pro se* petition was filed on June 24, 1998. Accordingly, in this case, unlike in *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999), ORS 151.505(1) applies.

"THE COURT:   $975.00. Anything else that needs to be placed on the record?

"[COUNSEL]:   Yes Your Honor. On behalf of [petitioner] I object to the imposition of the $975.00 in attorney reimbursement fees. The basis for my objection is that there's been no showing that [petitioner] has the ability to pay. There has not even been an inquiry as to whether he has the ability to pay that he—without undue hardship. He is indigent, he has been declared indigent by this Court. He [is] scheduled to be in the institution for still some period of time and he is—and those rare occasions when he is employed he is making maybe less than one twentieth of the minimum wage. Consequently—and that money still has to go to pay for shaving supplies, health care products, any extras (INAUDIBLE), tennis shoes, things of that nature. Consequently, we believe that he is unable to pay and that it should not be imposed.

"THE COURT:   Your objection is noted. I'll have—indicate copies of the order and judgment need to be sent to the parties. Anything else we need to address?"

Ultimately, the court entered a judgment including an award of $975 as the cost of petitioner's court-appointed counsel.

On appeal, petitioner argues, *inter alia*, that the trial court was obligated to make an express "determination on the record [of] whether [petitioner] actually had adequate financial resources to pay" before imposing an award of costs under ORS 151.505. As support for that proposition, petitioner invokes ORS 151.505(4), which provides, in part:

"The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose. The determination of the ability of a person to pay costs and the amount of costs to be paid shall be subject to the guidelines and procedures issued by the State Court Administrator under ORS 151.487."

We do not reach the merits of petitioner's present argument because petitioner did not raise and preserve that objection in the trial court. *See* ORAP 5.45(2). In particular, petitioner did not request any express finding regarding his

ability to pay and did not object to the trial court's failure to make such a determination. Rather, as the colloquy set out above demonstrates, petitioner's counsel's only objection was that, as a *substantive* matter, the facts before the trial court did not "show" that petitioner had the ability to pay without undue hardship. Counsel never argued that the court was obligated, as a procedural matter, to render on-the-record findings.[2]

We have consistently emphasized the two fundamental purposes underlying appellate preservation of error requirements:

> "First, the requirement that an issue be presented to the lower tribunal in order for it to be raised on appeal serves to prevent error. If the first tribunal is given the opportunity to make a ruling, its ruling may well be correct. Relatedly, it would be a disservice to the economy of the process to require the lower tribunal to conduct further proceedings in order to rectify an error that it was never given the initial opportunity to avoid.

> "The second reason is that requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. Generally, the opportunity to respond at the appellate level does not cure the denial of that opportunity in trial court and agency proceedings, where all of the factual and much of the legal development of cases must occur." *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 568, 889 P2d 383, *rev den* 321 Or 47 (1995).

*See Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation requirements are intended to ensure that "the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument"). *See also State v. Doern*, 156 Or App 566, 579, 967 P2d 1230 (1998), *rev den* 328 Or 666 (1999) (Landau, J., dissenting) (describing preservation inquiry as: "Did the trial court have a realistic opportunity to make the right call?").

---

[2] Petitioner does not contend that the lack of such an express determination somehow constitutes "error apparent on the face of the record." ORAP 5.45(2). *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991) (describing contours of "plain error" doctrine).

Here, consideration of petitioner's belatedly developed objection would offend the first of those paramount principles: If trial counsel had requested that the trial court make an explicit determination as to petitioner's ability to pay, the court easily could have done so. But the trial court was never given that opportunity.[3]

*State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993), is closely analogous. There, the defendant argued on appeal that the trial court erred in failing to make express findings on the record supporting imposition of consecutive sentences under ORS 137.123(4), as required by *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991). The Supreme Court rejected that argument, noting that "the record in this case discloses that * * * no objection to lack of findings or request for findings was entered by defendant." *Bucholz*, 317 Or at 320. Consequently, the court concluded that the alleged error was not preserved:

"Defendant would have an appellate court reverse for absence of findings even though, had the matter been called to the sentencing court's attention, applicability of [the statute] might easily have been established. To preserve an error in the face of a possibility that the statute expressly permits consecutive sentences in this situation at hand, a defendant who objects to lack of express findings * * * must place that objection on the record at the time of sentencing." *Id.* at 321.

---

[3] We imply no view as to whether, under ORS 151.505 or principles of appellate reviewability, the trial court was obligated to make such an express determination. *Compare McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998) (where court awards discretionary statutory attorney fees pursuant to ORS 20.075 and an objection to fees is raised, "prudential and practical considerations" of meaningful appellate review require awarding court to render explanatory findings so as "to assist the appellate court in carrying out a meaningful review of the competing arguments of the parties and the attorney fee decision below") *with State v. Hart*, 329 Or 140, 145-46, 985 P2d 1260 (1999) (ORS 137.106(2), which requires trial courts to "take into account" three factors in determining whether to order restitution, does not require trial court to make explicit determinations or findings as to the statutory factors).

We note, parenthetically, that *Hart* was decided after *State v. Jones*, 124 Or App 489, 863 P2d 480 (1993), which the dissent invokes, 169 Or App at 52-53, and involved the same restitution statute. Indeed, our opinion in *Hart*, which the Supreme Court reversed in part, cited *Jones* with approval. *See State v. Hart (A92712)*, 149 Or App 552, 555, 944 P2d 980 (1997).

*See State v. Ramsey,* 156 Or App 529, 534, 967 P2d 575 (1998), *rev den* 328 Or 365 (1999) (applying *Bucholz* in holding that the defendant had failed to preserve challenge to trial court's failure to make specific findings of fact supporting imposition of consecutive sentences).

So too here. The alleged error was not preserved.[4]

Affirmed.

**WOLLHEIM, J.,** dissenting.

The majority affirms the trial court's order of recoupment under ORS 151.505, concluding that the order may not be reviewed because petitioner's argument was not preserved below. Petitioner argues that the trial court failed to make a determination on the record, pursuant to ORS 151.505(4), whether petitioner had the ability to pay the $975 for attorney fees. The majority reasons that petitioner's argument was not preserved because petitioner "did not request any express finding regarding his ability to pay and did not object to the trial court's failure to make such a determination." 169 Or App at 47-48. I disagree and would hold that the trial court failed adequately to "take account of" petitioner's ability to pay and the burden of the payment on petitioner.

ORS 151.505(4) provides:

"The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the person and the nature of the burden that payment of costs will impose. The determination of the ability of a person to pay costs and the amount of costs to be paid shall be subject to the guidelines and procedures issued by the State Court Administrator under ORS 151.487."

---

[1] The dissent disagrees with our determination that the alleged error was not preserved but does not identify how this case can be meaningfully distinguished from *Bucholz, et al.* The dissent posits that ORS 151.505 facially requires a trial court to make an explicit, on-the-record determination as to a petitioner's ability to pay and that, once that statute's application is challenged in any way, the error in failing to make such a determination is necessarily preserved. *See* 169 Or App at .51-52. Even if the dissent's major, "the statute requires it," premise were correct, *but see* note 3 above, a trial court's mere failure to comply with such a statutorily derived requirement does not, without more, preserve the alleged error. *See Bucholz.*

The majority does not contest that defendant's counsel's objection raised the issue of the applicability of ORS 151.505(4).[1] However, the majority concludes that counsel's objection only challenged that, as a substantive matter, the facts did not show that petitioner had the ability to pay. With respect, I fail to see how counsel's objection, raising ORS 151.505(4), did not *necessarily* question the meaning of and the court's obligation to "take account of the financial resources of the person and the nature of the burden that payment of costs will impose." A facial reading of ORS 151.505 leads one logically to the following question: Because the court *may not order* recoupment "unless the person is or may be able to pay the costs," when the record does not in fact show that petitioner can pay the costs, how could the trial court have "take[n] account of" petitioner's ability to pay when it ordered the recoupment? This question was squarely before the trial court. *See Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 500, 982 P2d 1117 (1999) (the purpose of the preservation doctrine is to help ensure that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument).

The issue on appeal is the sufficiency of the court's consideration of the statutory factors. Accordingly, petitioner's appeal simply raises an issue of statutory interpretation. Petitioner argues that "take account of" means that the trial court must make some record of its consideration. It is incumbent on us to interpret correctly the meaning of a statute, which can mean addressing specific arguments on appeal that were not made below. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) (court is responsible for identifying the correct interpretation of a statute and specific alternative argument could be raised for first time on appeal); *accord Oregon Account Systems, Inc. v. Greer*, 165 Or App 738, 742, 996 P2d 1025 (2000). The preservation doctrine does not bar our consideration of petitioner's appeal, and I would, therefore, address the merits of petitioner's argument.

---

[1] There is no doubt that the trial court considered ORS 151.505 to be the applicable authority for ordering the recoupment.

In my review of the relevant case law in my concurrence in *Antunez v. Lampert*, 169 Or App 196, 7 P3d 735 (2000) (Wollheim, J., concurring), I concluded that while ORS 151.505 does require the court to "consider" the statutory factors of ability to pay and the burden of payment, the statute does not require the trial court to make findings before requiring petitioner to pay for his court-appointed attorney. Again, however, the record of the trial court's "consideration" must be sufficient to review for an abuse of discretion. *Id.* at 199.

Here, we cannot review for an abuse of discretion because we cannot tell from the trial court's terse phrase that petitioner's "objection is noted" whether the trial court even exercised its discretion. We cannot tell whether the trial court considered petitioner's financial resources and the nature of the burden that payment would impose on him. Nor can we assume that the trial court relied on the record in making its decision because the record does not reflect that petitioner had any ability to pay. Petitioner's affidavit in support of his motion for appointed counsel stated that he had no monthly income. We do not know whether petitioner had no monthly income because he is physically or mentally unable to work or because there was no work available for petitioner at the correctional facility.

The trial court must do more than it did in this case. For example, in *Wright v. Jones*, 155 Or App 249, 252-53, 964 P2d 1048 (1998), we held that the trial court sufficiently explained its decision to award prevailing party fees pursuant to ORS 20.190(3). There, the trial court explained on the record the statutory factors that caused it to award the enhanced party fee. The trial court's consideration need not be lengthy or complex, but it must explain why it took the action that it took.

Previously, we reached a similar conclusion in *State v. Jones*, 124 Or App 489, 863 P2d 480 (1993). There, the defendant objected to the trial court's judgment to pay restitution under ORS 137.106. The defendant objected and the trial court responded, "Well, the objection is noted." *Id.* at 492. We reasoned that

"the trial court's fleeting reference to the ability to pay is not consideration of that matter. A court 'considers' a matter by devoting some element of thoughtful deliberation to it. Here, the court's only purpose in mentioning the ability to pay was to express its disdain for and rejection of defendant's suggestion that defendant's ability to pay be considered. That is not enough." *Id.* at 493.

That same reasoning applies here.

Similarly, I agreed that, in *Antunez*, the trial court did consider the statutory criteria when it noted that (1) the petitioner had the opportunity to earn some money in prison by working, and (2) the petitioner had the ability to work after his release. 169 Or App at 200. There, we affirmed the imposition of $975 for the cost of his court-appointed attorney in the post-conviction proceeding. *Id.* at 198.

Here, in contrast, I simply cannot tell why the trial court ordered petitioner to pay for the cost of his court-appointed counsel. I cannot say that there is no basis for ordering petitioner to pay for the cost of his attorney. The appropriate disposition would be to vacate that portion of the judgment ordering payment of $975 and to remand this matter to the trial court, so that it can "take account of the financial resources of [petitioner] and the nature of the burden that payment of costs will impose."

I dissent.