Submitted on record and briefs April 6, affirmed May 23, 2001

BILLY JOE COPELAND,
*Appellant,*

*v.*

Robert O. LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

99-05-30532 M; A110536

27 P3d 144

Bob Pangburn filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner seeks reversal of a judgment denying him post-conviction relief and requiring him to pay $975 in fees for his court-appointed attorney. We affirm, writing to address only the payment of attorney fees.

In 1997, petitioner was charged with two counts of second-degree robbery, two counts of possession of a controlled substance, and one count of unauthorized use of a vehicle. He pleaded guilty to one count each of second-degree robbery and unauthorized use of a vehicle and was sentenced.

On May 19, 1999, petitioner filed a petition for post-conviction relief, alleging inadequate assistance of trial counsel at his criminal trial. He filed an affidavit of indigency and asked for court-appointed post-conviction counsel, which request the trial court granted. The court ultimately rejected petitioner's inadequate assistance claims. It also proposed to order petitioner to repay $975 for his court-appointed counsel. Petitioner objected on a variety of grounds, including that the court lacked statutory authority to require him to pay the fee. In ordering the repayment, the court relied on ORS 151.505, which provides:

"(1)   At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel.

"(2)   Costs repayable under this section include a reasonable attorney fee for counsel appointed to represent the person * * *."

On appeal, petitioner contends that the trial court erred in requiring him to pay the $975, because ORS 151.505 does not apply. According to petitioner, the statute applies only to cases in which the "first accusatory instrument or petition" was filed after January 1, 1998, and, in this case,

the first accusatory instrument or petition was filed in 1997, when the initial charges were filed against him. The state argues that the "first accusatory instrument or petition" refers to the initial pleading *in the post-conviction case* and that the post-conviction petition in this case was filed after January 1, 1998. We agree with the state.

■ ■   The statute provides that a court may impose an attorney fee, "[a]t the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998." The reference to "first accusatory instrument or petition" is case specific; the statute refers to the filing with reference to the conclusion of "a case or matter." An underlying criminal proceeding is not the same "case or matter" as a post-conviction proceeding, which is a separate, civil proceeding. *See Bryant v. Thompson*, 324 Or 141, 145 n 2, 922 P2d 1219 (1996) (post-conviction is a "collateral civil proceeding available[ ] to a convicted criminal defendant to challenge the validity of his or her conviction"). Thus, the date on which an accusatory instrument was filed in the underlying criminal proceeding does not determine the applicability of ORS 151.505 in a later civil post-conviction proceeding collaterally challenging the criminal conviction.

The foregoing reading of ORS 151.505 is consistent with our decision in *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999). In that case, the petitioner filed a petition for post-conviction relief on December 23, 1997. We held that ORS 151.505 did not apply, because the petition *in the post-conviction proceeding* had been filed before January 1, 1998. Conversely, in *Antunez v. Lampert*, 169 Or App 196, 7 P3d 735 (2000), *rev den* 331 Or 583 (2001), we held that ORS 151.505 did apply, because the petition *in the post-conviction proceeding* had been filed after January 1, 1998. In both cases, although we did not explicitly address the question, we implicitly held that the "first accusatory instrument or petition" referred to the first pleading in the post-conviction proceeding, not the charging instrument in the underlying criminal case. We now so hold explicitly.

In this case, the "first accusatory instrument or petition" was filed on May 19, 1999, which is well after the January 1, 1998, date that triggers the applicability of ORS

151.505. The trial court therefore correctly concluded that the statute applied and that the court was authorized to require petitioner to pay the $975 in attorney fees.

We reject petitioner's other contentions without discussion.

Affirmed.