**Jewell Lee HART, Petitioner–Appellant,**

v.

**Robert O. LAMPERT, Superintendent, Respondent–Appellee.**

No. 03–35726.

United States Court of Appeals, Ninth Circuit.

171

Submitted April 27, 2004.*

Decided June 24, 2004.

Jewell Lee Hart, Snake River Correctional Institution, Ontario, OR, pro se.

Lynn David Larsen, AAG, Timothy A. Sylwester, Esq., Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Jewell Lee Hart, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. He contends his sentence is unlawful and he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and we affirm.

Hart was convicted of attempted aggravated murder with a firearm, attempted murder with a firearm, robbery in the first degree, and assault in the first degree after he robbed a customer and shot a security guard at a restaurant in Portland, Oregon. Pursuant to Oregon law, the first two convictions were merged, and Hart was sentenced to serve 120 months for attempted aggravated murder, 36 consecutive months for robbery, and 36 concurrent

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

months for assault. The 120–month sentence included an upward departure of 60 months based on the trial court's finding that Hart inflicted "permanent injury to the victim." Hart's conviction and sentence were affirmed on direct appeal without opinion. *State v. Hart*, 138 Or.App. 189, 906 P.2d 870 (1995), *rev. denied*, 323 Or. 114, 913 P.2d 1384 (1996). In state post-conviction proceedings, Hart argued the upward departure was not supported by the evidence, all of his felony convictions should have merged, and both trial counsel and appellate counsel on direct appeal were ineffective. The state court rejected those arguments. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Hart v. Thompson*, 155 Or.App. 644, 967 P.2d 532, *rev. denied*, 328 Or. 40, 977 P.2d 1170 (1998).

■ Hart's federal habeas petition asserts the failure to merge felony convictions violated "the Fifth, Sixth, and Fourteenth Amendments" and the upward departure was "in excess of that authorized by law, cruel and unusual, and ... otherwise unconstitutional." Hart did not, however, raise these constitutional claims in state court.[1] "A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court." *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc) (citing 28 U.S.C. § 2254(b)). A petitioner exhausts state remedies by "fairly presenting" federal claims in the state courts and thereby giving those courts an opportunity to act on such claims. *Id.* at 1155–56. Because Hart did not raise his federal claims in state court, review of those claims is barred. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.2002).

Hart did exhaust, and thereby preserve, his claims that his trial attorney and appellate attorney on direct appeal were ineffective for not arguing that his sentence was unlawful. To prevail, Hart must demonstrate (1) " 'that counsel's representation fell below an objective standard of reasonableness" ' and (2) " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 & 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ We reject Hart's claims because he fails to demonstrate that his attorneys' performances were deficient. As the state post-conviction court correctly noted, the attorneys cannot be expected to argue for a merger of convictions "not authorized under Oregon law" or to protest an upward departure sufficiently supported by "medical evidence that the victim had suffered permanent injury." The state court's conclusion that Hart's attorneys were not ineffective is neither "contrary to" or "an unreasonable application" of federal law nor "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). Accordingly, we affirm the denial of habeas relief.

AFFIRMED.

---

1. Hart's only reference in state court to federal law was a citation to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Even assuming this reference is sufficient to preserve a federal claim, we have held that *Apprendi* does not apply retroactively on collateral review. *See United States v. Sanchez–Cervantes*, 282 F.3d 664, 671 (9th Cir.2002).