Argued and submitted March 30, affirmed July 15, 1998

Andrea Lyn WRIGHT,
*Respondent,*

*v.*

Todd R. JONES,
*Appellant.*

(CCV 9604362; CA A98516)

964 P2d 1048

R. Daniel Lindahl argued the cause for appellant. With him on the briefs was Bullivant, Houser, Bailey, Pendergrass & Hoffman, P.C.

Michael T. Stone argued the cause for respondent. With him on the brief was Nichols & Associates.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a post-trial order awarding plaintiff an enhanced prevailing party fee pursuant to ORS 20.190(3). We review the trial court's imposition of fees for abuse of discretion and affirm.

Plaintiff was injured in May 1995 when defendant rear-ended her car. Plaintiff's complaint, alleging damages sustained in the accident, was referred to court-mandated arbitration. There, defendant conceded liability, leaving the extent of plaintiff's noneconomic damage as the only issue to be resolved.

The arbitrator awarded plaintiff $6,000 noneconomic damages. Defendant appealed, requesting a trial *de novo*. Before trial, plaintiff offered to settle for $6,555.10 — $1,555.10 economic damages, plus $5,000 noneconomic damages plaintiff had already received from defendant. Defendant's final counteroffer was $4,000, essentially proposing settlement of plaintiff's noneconomic damages for $2,444.90. Plaintiff rejected the counteroffer and negotiations on the day of trial failed to resolve the difference.

At trial, plaintiff's damages were again the only issue. The jury awarded plaintiff $6,733.10, consisting of $1,733.10 economic, and $5,000 noneconomic damages. Following the trial, plaintiff filed a Statement of Costs and Fees requesting an enhanced prevailing party fee pursuant to ORS 20.190(3).[1] Defendant opposed the enhanced fee and

---

[1] ORS 20.190(3) provides:

"In addition to the amounts provided for in subsection (2) of this section, in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee. The court shall consider the following factors in making an award under the provisions of this subsection:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

requested a hearing to resolve the issue. At the fee hearing, the trial court ruled:

"Well, in the Court's opinion, when the legislature added ORS 20.190(3), I think it had in mind this type of case, where the negotiations over a long period of time were right about the same amount of money. The value of the case was apparent to this Court and to the arbitrator and to the jury and was worth exactly what the jury said it was worth, and there was a refusal to negotiate in small increments in order to obtain a settlement of this case as opposed to a trial of this case.

"For those reasons and the other reasons set forth in 20.190(3), I think it's appropriate to award the prevailing party $3,000. That will be the Court's order."

The court later clarified that its award included a mandatory $500 prevailing party fee under ORS 20.190(2).[2] Consequently, the actual enhanced fee under ORS 20.190(3) was only $2,500.

On appeal, defendant argues that the trial court abused its discretion by awarding an enhanced prevailing party fee under ORS 20.190(3). We review for abuse of discretion. We address only defendant's contention that the trial court failed to make specific findings and that this failure

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursing settlement of the dispute.

"(g) Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

[2] ORS 20.190(2) provides, in part:

"In lieu of the prevailing party fee provided for in subsection (1) of this section, in any civil action or proceeding in which recovery of money or damages is sought, a prevailing party who has a right to recover costs and disbursements also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a) In a circuit court:

"(A) When judgment is given without trial of an issue of law or fact, $250; or

"(B) When judgment is given after trial of an issue of law or fact, $500."

requires reversal; defendant's other arguments do not warrant further discussion. In light of *McCarthy v. Oregon Freeze Dry, Inc.,* 327 Or 84, 957 P2d 1200, *adhered to on recons* 327 Or 185, 957 P2d 1207 (1998), we conclude that the trial court's findings are sufficient.

In *McCarthy,* the Supreme Court required us to explain, on the record, the relevant facts and statutory factors we used as the basis for an award of attorney fees under ORS 20.075. 327 Or at 95-96. The statute at issue in *McCarthy,* like the one before us now, did not specifically mandate findings; it required only that a court "consider" a number of statutory factors in making its decision. Nevertheless, the Supreme Court held that an appellate tribunal is unable to analyze decisions for abuse of discretion unless the rationale behind them is stated on the record. *Id.*

On reconsideration in *McCarthy,* the Supreme Court clarified our task. The court explained that findings regarding fees need not be complex or lengthy and may be made in *any* terms clear enough to permit meaningful review. 327 Or at 190. Brief descriptions of, or citation to, the factor or factors involved would be sufficient. *Id.* at 188. Criteria immaterial to the decision and not used by the trial court need not be included. *Id.*

In this case, the record consists of the trial court's oral opinion and its order awarding enhanced fees to plaintiff. In the context of factors that the court shall consider in making an award of enhanced fees, the trial court's statement aptly describes ORS 20.190(3)(h): "Such other factors as the court may consider appropriate under the circumstances of the case." In light of *McCarthy,* we conclude that the trial court presented us with findings sufficient to allow review and, based on those findings, there was no abuse of discretion.

Affirmed.