Argued and submitted January 18, vacated and remanded in part; otherwise affirmed August 30, 2000

Kent SEIDA,
*Appellant,*

*v.*

WEST LINN-WILSONVILLE SCHOOL DISTRICT 3 J T,
a political subdivision of the State of Oregon,
Northwest Natural Gas Co.,
an Oregon corporation,
Robinson Construction Company,
an Oregon corporation,
Portland General Electric Company,
an Oregon corporation,
US West, Inc.,
an Oregon corporation,
and TCI Cablevision of Oregon, Inc.,
an Oregon corporation,
*Respondents,*

*and*

John DOE
and John Doe Corporation,
*Defendants.*

(DCV 98-8068; CA A105754)

9 P3d 150

John W. Shonkwiler argued the cause and filed the brief for appellant.

John Dudrey argued the cause for respondents. On the brief was Alexander Gordon.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals from a supplemental money judgment awarding defendants enhanced prevailing party fees under ORS 20.190(3). ORS 19.205(2)(c). The award followed the trial court's dismissal of plaintiff's claims after it granted defendants' motion for a directed verdict. We review for an abuse of discretion and remand.

Plaintiff lives and farms on property off of Day Road in Wilsonville that he owns with his sister. In 1996, several acres of his farm land were taken for public use in a condemnation proceeding involving the West Linn-Wilsonville School District, a defendant in this case. Thereafter, the school district began construction on the acquired land. The construction included laying underground gas lines and cables along Day Road, as well as improvements to the road and shoulder area. In October 1998, plaintiff filed the claims in this action, including breach of contract and trespass claims against the school district, Northwest Natural Gas, Robinson Construction, Portland General Electric, US West and TCI Cablevision. He alleged that, in performing the improvements to Day Road, defendants obstructed his access for his farm to the road and, alternatively, that they operated equipment on his property without permission. He requested that the court grant relief either by requiring that defendants provide him access to the road or by awarding him damages equivalent to the cost of the removal of defendants' improvements.

When the case came to trial in January 1999, the parties agreed that the only issue was who should pay to remove a curb that blocked plaintiff's farm access to the road. They also agreed that the final judgment in the condemnation case was central in determining that issue. That judgment arose out of the parties' stipulated agreement. Plaintiff asserted that the plain language of the judgment reflected the parties' intent to preserve both his residential and farm access to Day Road. Defendants argued to the contrary. After plaintiff presented his case, the trial court granted defendants' motion for a directed verdict and subsequently signed

a judgment dismissing plaintiff's claims with prejudice.[1] That judgment also states:

"IT IS FURTHER ORDERED AND ADJUDGED that West Linn have judgment against Kent Seida, plaintiff herein, for its costs and disbursements and its prevailing party fees pursuant to ORS 20.190(3) pursuant to findings made by the court and as set forth in a supplemental money judgment."

The school district is the only judgment creditor mentioned in that judgment.

■    Before it signed the above judgment, the trial court received a letter from plaintiff asserting that because the court had not specifically ruled on the issue of prevailing party fees, "the judgment should not include a ruling on those issues and leave the defendants to filing a standard cost bill as allowed by statute." The district responded that the court did not need to reach the prevailing party issue at that time and that the issue could be considered after the district filed a cost bill. In addition, defendants collectively wrote a letter to the court requesting that

"enhanced prevailing party fees in the amount of $5,000 be awarded only in favor of the School District and that each of the six prevailing defendants be awarded $500 pursuant to ORS 20.190(2)(a)(B) for a total award of $8,000 in prevailing party fees, plus their costs and disbursements."

Thereafter, the trial court communicated its ruling on the prevailing party fees issue to the parties in a letter opinion, stating its findings and concluding that "[t]he court awards an enhanced prevailing party fee of $3,000 to defendant West Linn-Wilsonville School District and $2,000 to the remaining defendants." The trial court then entered a supplemental money judgment, which states:

"* * * The court having reviewed the files and records herein and the written submissions of the parties, the court makes the following findings on defendants' claim for enhanced prevailing party fees pursuant to ORS 20.190(3).

---

[1] That judgment is not on appeal.

"THE COURT FINDS that (1) plaintiff's claim lacked objective reasonableness, (2) an award of the larger prevailing party fee would not deter others from asserting others from asserting [*sic*] good faith claims in similar cases and (3) an award of the larger prevailing party fee might deter future meritless claims of this sort.

"IT IS ORDER [*sic*] AND ADJUDGED that based on these findings defendant West Linn-Wilsonville School District 3JT is awarded an enhanced prevailing party fee of $3,000 and defendants Northwest Natural Gas Company, Robinson Construction Company, Portland General Electric Company, US West, Inc., and TCI Cablevision of Oregon, Inc. are awarded and [*sic*] enhanced prevailing fee of $2,000.

"IT IS FURTHER ORDERED AND ADJUDGED that these defendants have judgment against Kent Seida, plaintiff herein, for their enhanced prevailing party fees pursuant to ORS 20.190(3) and for their costs and disbursements determined in accordance with ORCP 68."

Plaintiff makes five assignments of error concerning the award of enhanced prevailing party fees under ORS 20.190(3) in the above judgment.[2] ORS 20.190 provides, in relevant part:

"(1) Except as provided in subsections (2) to (5) of this section, a prevailing party in a civil action or proceeding who has a right to recover costs and disbursements in the following cases also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"* * * * *

"(b) In a circuit court:

"(A) When judgment is given without trial of an issue of law or fact or on an appeal, $60; or

"(B) When judgment is given after trial of an issue of law or fact, $85.

"* * * * *

---

[2] The court also entered supplemental judgments on behalf of each defendant that divided the $2,000 prevailing fee among the individual defendants except for the district. Those judgments are not the subject of plaintiff's notice of appeal.

"(2)    In lieu of the prevailing party fee provided for in subsection (1) of this section, in any civil action or proceeding in which recovery of money or damages is sought, a prevailing party who has a right to recover costs and disbursements also has a right to recover, as a part of the costs and disbursements, the following additional amounts:

"(a)    In a circuit court:

"(A)    When judgment is given without trial of an issue of law or fact, $250; or

"(B)    When judgment is given after trial of an issue of law or fact, $500.

"* * * * *

"(3)    In addition to the amounts provided for in subsection (2) of this section, in any civil action or proceeding in a circuit court in which recovery of money or damages is sought, the court may award to the prevailing party up to an additional $5,000 as a prevailing party fee. The court shall consider the following factors in making an award under the provisions of this subsection:

"(a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b)    The objective reasonableness of the claims and defenses asserted by the parties.

"(c)    The extent to which an award of a larger prevailing party fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d)    The extent to which an award of a larger prevailing party fee in the case would deter others from asserting meritless claims and defenses.

"(e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g)    Any award of attorney fees made to the prevailing party as part of the judgment.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case.

"(4) Nonprevailing parties are jointly liable for the prevailing party fees provided for in this section. A court may not award more than one prevailing party fee to a prevailing party under this section, or more than one prevailing party fee against a nonprevailing party regardless of the number of parties in the action, and, upon being paid the amount of the award, the prevailing party may not seek recovery of any additional amounts under the provisions of this section from any other nonprevailing party."

Plaintiff's first assignment of error is that the trial court erred by violating ORS 20.190(4) in awarding more than one enhanced prevailing party fee against him. He argues that

"[t]here are clearly two (2) separate awards of enhanced prevailing party fees and they are awarded to benefit separate defendants. ORS 20.190(4) is unambiguous in its intent and restriction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The trial court may not award two prevailing party fees against Plaintiff Seida 'regardless of the number of parties (defendants) in the action.'"

As we understand plaintiff's argument, the above claim of error combined with the fact that the judgment on the merits awarded prevailing party fees only to the district means that the court was not authorized to award any enhanced prevailing party fee to the remaining defendants. Defendants first contend that plaintiff's assignment is not preserved under ORAP 5.45(2), because, according to them, it was not made to the trial court. However, defendants took the position below that only the district should be awarded an enhanced prevailing party fee. Plaintiff was not required to anticipate the court's *sua sponte* award to the other defendants that forms the basis for plaintiff's assignment of error.

Next, defendants argue that

"[t]he Circuit Court awarded one enhanced prevailing party fee against the nonprevailing party in the amount of $5,000, the statutory maximum, which it allocated among the six prevailing defendants. This award was in conformity with statute."

Whether the division of the award of an enhanced prevailing fee among prevailing parties is permissible under ORS 20.190(4) involves a question of statutory interpretation. The first level of statutory analysis requires us to examine the text and context of the statute. Subsection (1) of ORS 20.190 provides for a mandatory prevailing fee for a prevailing party in a civil action in circuit court. In lieu of the fee established in subsection (1), the prevailing party has a right to recover a higher fee under subsection (2) if the case involves money damages. Subsection (3) provides that "[i]n addition to the amounts provided for in subsection (2)," the circuit court may in its discretion award "up to an additional $5,000 as a prevailing party fee." In determining whether to award an additional fee, the court must consider a nonexhaustive list of factors set forth in the statute.

Finally, subsection (4) addresses issues that may arise when a case involves multiple plaintiffs or multiple defendants. The first sentence of subsection (4) provides that, where there is more than one nonprevailing party, they are jointly liable for the fees. The last clause also concerns multiple nonprevailing parties, which is not an issue in this case. The second sentence is the relevant portion of the statute for the purposes of this case. It provides: "A court may not award more than one prevailing party fee to a prevailing party under this section, or more than one prevailing party fee against a nonprevailing party regardless of the number of parties in the action[.]" The language is prohibitive in nature. It is clear from the statute's language that a court may not award "more than one prevailing party fee." Whether one fee can be awarded to multiple prevailing parties under the statute is not clear. Plaintiff interprets subsection (4) to mean that the court could impose only the fee on behalf of one of the prevailing parties. Defendants interpret the same language to mean that the court could enter multiple judgments, the sum of which represents the maximum amount available under the statute. Both constructions are reasonable in light of the language of subsection (4).[3] Therefore, we turn to the

---

[3] We have found no Supreme Court cases interpreting this section or prior enacted versions of the statute that provide assistance in understanding the legislature's intent.

legislative history of ORS 20.190 to resolve the ambiguity in the statute.

The 1995 Legislature enacted amendments to ORS 20.190 as part of a more expansive tort reform effort. Or Laws 1995, ch 618, § 7. Subsections (2) through (7) of ORS 20.190 were added to the bill after it was initially considered. A joint subcommittee of Senate and House members held several public meetings and work sessions on proposed changes to the bill. Tape recording, Senate Floor, SB 385, May 23, 1995, Tape 148, Side A (statement of Senator Neil Bryant). During one of the work sessions, Representative Bryan Johnston raised the concern that the proposed language for subsection (4) of the statute was not clear. Tape recording, Senate Judiciary Subcommittee on Civil Process, SB 385, April 24, 1995, Tape 42, Side B. At the time of the discussion, the second sentence of what would become subsection (4) provided:

"A court may not award more than one prevailing party fee to a prevailing party under this section, and, upon being paid the amount of the award, the prevailing party may not seek recovery of any additional amounts under the provisions of this section from any other nonprevailing party." Senate Judiciary Committee, SB 385, May 8, 1995, Ex L (hand-engrossed bill with A56 amendment).

At the next work session, the subcommittee adopted an amendment that added the language "or against a nonprevailing party regardless of the number of parties" to address Representative Johnston's concerns. Tape recording, Senate Judiciary Subcommittee on Civil Process, SB 385, May 1, 1995, Tapes 44, Side B and 45, Side A; Senate Judiciary Committee, SB 385, May 1, 1995, Ex D (memorandum from Senate Judiciary Committee Counsel to Legislative Counsel). The following exchange occurred in that work session about the amendment:

"Rep. Johnston: So just for ease of illustration, if I were to sue the esteemed senatorial members of this committee, of which there are four, and lose my suit, how much would I be responsible for?

"Max Williams, Committee Counsel: If you were suing in circuit court, you would be responsible for a mandatory

prevailing party fee of $500 and up to a discretionary amount of $5,000 which the judge could award.

"Rep. Johnston: And then they'd have to split it as they chose?

"Max Williams: Exactly. There is joint liability under the terms of this provision." Tape recording, Senate Judiciary Subcommittee on Civil Process, SB 385, May 1, 1995, Tapes 45, Side A.

When the bill was submitted to the entire Senate, Senator Bryant explained:

"Only one prevailing party fee is award—is to be awarded—notwithstanding the number of defendants. So this is another fairness example. If you have five defendants and they prevail, there's still only one prevailing party fee that can be awarded, in total, to those five." Tape recording, Senate Floor, SB 385, May 23, 1995, Tape 148, Side A.

While speaking in opposition to the bill, Senator Peter Sorenson expressed the same understanding of the bill:

"Although the bill's been modified, the basic problem I have with the ['] loser pays concept['] is that now if you bring a lawsuit in Oregon and it's in circuit court and you lose your suit, you are at risk for $5,000 to be assessed against you in favor of the party that won the lawsuit." *Id.*

Likewise, when the bill was submitted to the House, Representative Johnston explained:

"If you lose at court, the winner automatically receives a fee of $500. And then we included a list of characteristics that a court could use to increase that fee from the mandatory minimum up to a maximum of $5,000." Tape recording, House Floor, SB 385, June 8, 1995, Tape 254, Side B.

The bill passed the House without substantive amendment to subsection (4), passed in the Senate again and became law.

As is apparent from the legislative history, ORS 20.190(4) is meant to prevent a nonprevailing party from incurring a larger penalty merely because there are multiple prevailing parties in the action. As the discussions and explanations reveal, the legislature's intent was to place a limit on the amount that a party would risk in bringing or defending an action. We are convinced from the above history that the

legislature contemplated that a court or the parties could divide the amount awarded among the prevailing parties. Accordingly, we hold that the trial court did not violate ORS 20.190(4) by splitting the enhanced prevailing party fee in the supplemental money judgment between the school district and the remaining defendants.[4]

█      Plaintiff also assigns error to the adequacy of the court's findings under ORS 20.190(3):

"The Circuit Court erred by failing to make adequate findings that described the relevant facts, instead of merely asserting conclusions of law, for application of the legal criteria for awarding an enhanced prevailing party fee."

Those findings are:

"THE COURT FINDS that (1) plaintiff's claim lacked objective reasonableness, (2) an award of the larger prevailing party fee would not deter others from asserting others from asserting [sic] good faith claims in similar cases and (3) an award of the larger prevailing party fee might deter future meritless claims of this sort."

We have applied the requirements of *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 957 P2d 1200, *clarified on recons* 327 Or 185, 957 P2d 1207 (1998), to review of an award of prevailing party fees under ORS 20.190(3). *Wright v. Jones*, 155 Or App 249, 252-53, 964 P2d 1048 (1998). In *Wright*, we summarized the requirement in *McCarthy* that

"findings regarding fees need not be complex or lengthy and may be made in *any* terms clear enough to permit meaningful review. 327 Or at 190. Brief descriptions of, or citation to, the factor or factors involved would be sufficient. *Id.* at 188. Criteria immaterial to the decision and not used by the trial court need not be included. *Id.*" 155 Or App at 253. (Emphasis in original.)

Thus, the test is whether "the findings" are susceptible to meaningful review.

---

[1] We express no opinion as to whether the money judgments not on appeal, awarding $500 to each defendant under ORS 20.190(2), are viable and subject to execution. Plaintiff has appealed only from the supplemental money judgment.

■ In this case, we are unable to review the court's application of the factors in ORS 20.190(3) because its findings are too conclusory; they do not express the court's reasons as to why plaintiff's claims lacked objective reasonableness, or why the court believed that they were not brought in good faith, or why other statutory grounds for the fee were applicable. *See McCarthy*, 327 Or at 188 n 1. *Compare Wright*, 155 Or App at 252-53 (where the trial court discussed the facts relevant to its award) *with Ashley v. Garrison*, 162 Or App 585, 592-93, 986 P2d 654 (1999) (where the trial court made findings, but did not distinguish between grounds for the award). We note that the mere dismissal of a claim is not in and of itself sufficient grounds to meet the statutory criteria. Consequently, remand is required because we are unable to conduct a meaningful review.

Plaintiff's other assignments of error and defendants' other arguments do not warrant discussion.

Award of enhanced prevailing party fee vacated and remanded; otherwise affirmed.