Argued and submitted January 20, appeal challenging dismissal dismissed as moot; otherwise affirmed November 8, 2000

JAMES PATRICK REED,
*Appellant,*

*v.*

Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(98-06-29827M; CA A103983)

13 P3d 1054

Bob Pangburn argued the cause and filed the brief for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Edmonds and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals a judgment dismissing his petition for a writ of habeas corpus, challenging the Board of Parole and Post-Prison Supervision (Board) decision that postponed his release date. Plaintiff also appeals the trial court's imposition of $475 in attorney fees payable to the Indigent Defense Fund.

During the pendency of this appeal, plaintiff was released on parole. The state moved to dismiss the first two assignments of error as moot because each assignment argued that plaintiff was unlawfully imprisoned. Plaintiff concedes that these assignments are now moot. We agree. *See Barnes v. Thompson,* 159 Or App 383, 386, 977 P2d 431, *rev den* 329 Or 447 (1999) (dismissing an appeal as moot because "[t]he relief that plaintiff initially sought, release from prison, has already occurred."). We address the remaining assignment of error challenging the imposition of attorney fees.

At the conclusion of the hearing, the trial court ordered that plaintiff pay for his court-appointed attorney pursuant to ORS 151.505, which provides, in part:

"(1) At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial or appellate court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel.

"(2) Costs repayable under this section include a reasonable attorney fee for counsel appointed to represent the person and a reasonable amount for expenses authorized under ORS 135.055. * * *

"* * * * *

"(4) The court may not order a person to pay costs under this section unless the person is or may be able to pay the costs. In determining the amount and method of payment of costs, the court shall take account of the financial

resources of the person and the nature of the burden that payment of costs will impose."

Because plaintiff filed his petition for habeas corpus relief after January 1, 1998, ORS 151.505 applies. Our review of the record discloses that the trial court order was proper, and we conclude that attorney fees were correctly imposed.[1] *See Antunez v. Lampert*, 169 Or App 196, 7 P3d 735 (2000).

Appeal challenging dismissal of plaintiff's habeas corpus claims dismissed as moot; otherwise affirmed.

---

[1] The record discloses that, while plaintiff was incarcerated, he had a net monthly income of $48. The trial court found that amount to be sufficient when it ordered plaintiff to pay his court-appointed attorney fees.