Submitted on record and briefs January 30, affirmed October 31, 2001

MICHAEL BRAUN,
*Appellant,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

99-02-30, 290-M; A106913

34 P3d 738

Steven M. Stoddard filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

**PER CURIAM**

Petitioner appeals from a judgment that denied him habeas corpus relief. He contends that the court erred when it determined that (1) he was not entitled to good-time credits against his sentence; (2) he had no right to a kosher diet; (3) he had not been denied access to an adequate law library; and (4) he was required to reimburse the state for the cost of his court-appointed attorney in the habeas corpus proceeding. During the pendency of the appeal, the state released petitioner on parole, making the first three claims on appeal moot. We therefore issued an order that granted defendant's motion to strike petitioner's first three assignments of error. Thus, the only remaining issue is whether the trial court erred in ordering petitioner to reimburse the state for the cost of his court-appointed attorney.

Although petitioner raises state and federal constitutional claims regarding that issue, those claims were not preserved below. Therefore, we discuss only whether the court had authority to order petitioner to reimburse the state for the cost of his attorney. Petitioner filed this proceeding after January 1, 1998, so ORS 151.505 applies to it. We held in *Reed v. Johnson*, 170 Or App 767, 770, 13 P3d 1054 (2000), that ORS 151.505 authorizes courts to order reimbursement of court-appointed counsel costs in habeas corpus proceedings initiated after January 1, 1998. Our review of the record discloses that the court considered petitioner's ability to pay the amount that it ordered, and we conclude that the court did not err in ordering the reimbursement.

Affirmed.